POWELL *v.* GRIFFIN.

Opinion delivered January 7, 1929.

*Pat McNalley* and *Jordan Sellers,* for appellant.
*Walter L. Goodwin,* for appellee.

KIRBY, J., (after stating the facts). It is conceded that the testimony, being in direct conflict between appellant and her former attorney, Goodwin, as to the nature of the transactions resulting in the execution of the conveyance from appellant to her said attorney, Goodwin, does not meet the requirements of the rule that a deed absolute on its face can be shown to have been intended as a mortgage only by clear, unequivocal and convincing evidence; but the rule of evidence is different in transactions of this kind between attorney and client, during the continuance of such relation, which is

one of trust and confidence requiring a high degree of fidelity and good faith.

In *Swain* v. *Martin,* 158 Ark. 469, 251 S. W. 26, the court said:

"The procuring of the conveyance of the Carlisle property from Martin to Swain was during the existence of the relation of attorney and client. In such cases the burden is upon the attorney of proving the fairness and equity of the transaction and the adequacy of the consideration, and, upon his failure to make such proof, a court of equity will treat the case as one of constructive fraud. * * * The rule that an attorney who contracts with his client has the burden of proving that no advantage has been taken of the situation of the latter, is not restricted to contracts or dealings with respect to the rights of property in controversy in the particular proceeding in which the attorney is acting for the client, but it may extend to other transactions and contracts, where the relationship may be presumed to give the attorney some advantage over the client." See also *Thweatt* v. *Freeman,* 73 Ark. 575, 84 S. W. 720, and *McMillan* v. *Brookfield,* 160 Ark. 518, 234 S. W. 621.

As said in 2 R. C. L., pp. 967 and 968: "No presumption of innocence or improbability of wrongdoing can be considered in the attorney's favor. The power to enforce this rule does not depend upon the proof of actual fraud. Its application is the same whether attorneys abuse their trust, or act on generous impulses to assume risks and burdens of clients who are poor. Its enforcement does not involve an inquiry into the motives which prompt clients to sue for profits, when viewed from an ethical standpoint. Solicitude for them on account of their improvident contracts is not the basis of relief. The doctrine is founded on public policy. It is demanded by the welfare of society. It arises from the necessity of protecting proper relations of trust and confidence wherever they exist. Adherence to a principle which deprives fiduciaries of undue profits lessens the temptation to violate confidential relations." The proof

herein does not meet the requirements of this rule; the burden imposed by law upon the attorney was not discharged. He admitted, and all the proof showed, the value of the property to be around $1,000 at the time he took the conveyance from his client, agreeing to pay only $625 of indebtedness of the grantor, part of which was in payment of his fee for services rendered his client in the divorce case in the settlement of the rights of the parties therein to the property in controversy. The testimony also shows that he did not pay the $50 expressed consideration in the deed to his client, the grantor, but paid it in discharge of a plumbing bill for work done upon the premises he acquired under the conveyance; and further, he testified that he sold the property to the appellees herein, within about five months after it was conveyed to him, for an expressed consideration of $1,800, and that he actually received $1,500 in cash therefor. Also that there had been no appreciable change in value of property in the locality, and no decrease between the time he received his conveyance and the date of his deed conveying same to appellees.

Appellant stated the conveyance was a deed in form, as her attorney informed her at the time it was made, but was the same as a mortgage, and the property would be reconveyed to her upon payment of the debt. It is undisputed that she went to her grantee, having arranged for the money, the amount necessary to redeem the property, according to her understanding of the transaction, after she had been notified to quit possession by him, and he did not deny her statement about this occurrence further than to say he did not see the money at the time, and did admit that appellant kept after him so persistently that he had agreed, after he received the conveyance from her, to allow her to buy it back, but insisted that the amount for which it could be repurchased was not stated to her.

The undisputed testimony showed that appellant refused to relinquish possession of the premises to Goodwin, the grantee in her deed, upon his demand therefor,

claiming that she had the right to redeem the property upon the payment of the debt it was transferred to secure, according to her contention, and that Goodwin made the conveyance to appellee after such refusal of appellant to quit and her offer to redeem made, and while she was still in possession.

Appellees purchased the property from Goodwin while appellant continued in possession, and, so far as the testimony shows, without inquiry made as to the nature of such possession, which they were aware of, and neither of them testified on the trial. There is no question of estoppel, so far as they are concerned, and they cannot be regarded innocent purchasers, nor to have acquired any greater right under the conveyance than was possessed by their grantor when it was made.

Appellant was entitled to redeem the land from the conveyance to Goodwin, grantor of appellees, and the court erred in not so holding and declaring said conveyance to be in effect but a mortgage for the security of the money advanced by him. The decree is reversed, and the cause will be remanded with directions to allow the redemption of the lands by the appellant upon the payment of the amount of the advancement from Goodwin, with interest, and for all further necessary procedure to effect this result, in accordance with the principles of equity and not inconsistent with this opinion. It is so ordered.