TAYLOR *v.* HARRIS.

4-2750

Opinion delivered December 5, 1932.

*Rhyne & Shaw* and *Hays & Smallwood*, for appellant.

*Hill, Fitzhugh & Brizzolara*, for appellee.

SMITH, J. This case involves an attack, both direct and collateral, on the decree of the Logan Chancery Court for the Northern District, which was affirmed by this court in the case styled *American Bank & Trust Co. v. First National Bank of Paris,* 184 Ark. 689, 43 S. W. (2d) 248.

The First National Bank brought suit to foreclose a mortgage executed by T. B. Harris and wife to it. The

complaint alleged that the American Bank & Trust Company claimed an interest in the property covered by the mortgage, and asked that the last-named bank be made a party to the action and required to assert its interest, if any such it had. The American Bank & Trust Company filed an answer to the complaint of the First National Bank and a cross-complaint against Harris and wife, in which it was alleged that Harris and wife had executed to it a mortgage upon the same lands described in the mortgage to the plaintiff bank, and it was prayed that the foreclosure of this mortgage be decreed as prior and superior to that of the plaintiff bank.

Harris and wife did not answer either the complaint of the First National Bank or the cross-complaint of the American Bank & Trust Company, but the First National Bank did file an answer to this cross-complaint and insisted that the indebtedness of Harris and wife to the American Bank & Trust Company which was secured by the mortgage to the latter had been paid, and that therefore the mortgage held by the plaintiff bank was superior.

The trial court held that so much of the debt due by Harris and wife to the American Bank & Trust Company as was secured by the mortgage to that bank had been paid, and that therefore the mortgage of the First National Bank was not only a first lien, but was the only lien on the lands which were described in both mortgages. It was decreed, however, that Harris and wife were indebted to the American Bank & Trust Company, and a personal judgment was rendered for this debt, and the foreclosure of the mortgage to the First National Bank was decreed as the only lien upon the land. This was the decree affirmed by this court on the appeal, *supra*.

Harris died February 12, 1931, and at the time of his death had valid life insurance, which the insurer offers to pay. In the meantime, the American Bank & Trust Company had been taken over by the State Bank Commissioner as being insolvent, and its assets are being liquidated by that officer. Upon the death of Harris, the Bank Commissioner caused a writ of garnishment to

issue upon the decree for debt rendered by the Logan Chancery Court against Harris, above referred to, in favor of the American Bank & Trust Company. Mrs. Harris had qualified as administratrix of the estate of her deceased husband, and, as such, she filed, on March 19, 1931, a motion to quash the garnishment, upon the ground that the judgment against her husband and herself was void, as having been rendered without service. On March 23, 1931, Mrs. Harris filed a suit, in her own name and on behalf of the estate of her husband, in which she prayed that the original decree of the Logan Chancery Court against herself and her husband be vacated and set aside, as having been rendered without service upon herself or her husband. This motion and the complaint appear to have been treated as a single pleading, and were heard and disposed of together.

The original complaint of the First National Bank was filed January 26, 1929, and the answer and cross-complaint of the American Bank & Trust Company against Harris and wife were filed March 7, 1929. According to the testimony of the clerk of the chancery court, no record in that office shows the issuance of service of any process on the cross-complaint, and Mrs. Harris testified that there was no service, and that she never knew that she and her husband had been made parties to the cross-complaint filed by the American Bank & Trust Company, and did not know until after the issuance of the writ of garnishment that any judgment had been rendered against her or her husband on this cross-complaint.

The original decree of the chancery court contained the following recital as to the service of process in the case: "This suit was brought by the plaintiff against the defendants on the 26th day of January, 1929, and summons were duly served upon all of the defendants in the month of January, 1929. The defendants, Thomas B. Harris and Sue Harris, although duly summoned, have wholly failed to answer, demur or to otherwise plead, and have wholly made default."

In the complaint filed by Mrs. Harris, for herself and for the benefit of the estate of her husband, to vacate the judgment for debt in favor of the American Bank & Trust Company, it is alleged that the decree was rendered without service or knowledge of the existence of the suit, and that neither Mrs. Harris nor her husband were in fact indebted to the American Bank & Trust Company, and the plaintiff prays that she be permitted to make that showing. The court below granted the prayer of her complaint and vacated the decree, and this appeal is from that order.

For the affirmance of the decree here appealed from, it is insisted that the court was without jurisdiction to render the personal judgment against Harris and wife, for the reason that, under § 1204, Crawford & Moses' Digest, and the general equity practice, a cross-complaint in favor of one defendant against another is only permitted where it affects the subject-matter in the original complaint, and it is insisted that the rendition of a personal judgment against Harris and wife in favor of the American Bank & Trust Company has no relation to a suit to foreclose a mortgage executed by Harris and wife to the plaintiff bank—the First National. So much of § 1204, Crawford & Moses' Digest, which defines the practice in regard to filing cross-complaints, as is relevant here, reads as follows: "Section 1204. A defendant may file a cross-complaint against persons other than the plaintiff, and have proceedings thereon as follows: First. When a defendant has a cause of action against a co-defendant, or a person not a party to the action, and affecting the subject-matter of the action, he may make his answer a cross-complaint against the co-defendant or other person." The second paragraph of this § 1204 provides for service of process upon cross-defendants.

We think this statute conferred authority for the cross-complaint filed by the American Bank & Trust Company against Harris and wife. This bank alleged that it had a mortgage lien upon the lands embraced in the mortgage to the First National Bank, and that its

mortgage was superior thereto. The American Bank & Trust Company was therefore interested in the subject-matter of the original cause of action, and had the right to foreclose its mortgage by cross-complaint. *Connelly* v. *Hoffman,* 184 Ark. 497, 42 S. W. (2d) 985.

Having jurisdiction for the purpose of foreclosing these mortgages, after determining their priority, and having assumed that jurisdiction, the chancery court determined the question of the priority of the mortgages, and, in the determination of that question, reached the conclusion that the debt remaining unpaid and due to the American Bank & Trust Company was not in fact secured by the mortgage, but, having also ascertained that some debt was due from Harris and wife, judgment was rendered for the amount thereof. This practice was entirely proper and conforms to the uniform holding that, where chancery takes jurisdiction in a case for one purpose, it will retain the case and administer complete relief. *Home Life Insurance Co. of N. Y.* v. *Masterson,* 180 Ark. 170, 21 S. W. (2d) 414.

For the reversal of the decree of the court below, appellants cite cases holding that, in a collateral attack upon the judgment of a court of superior jurisdiction, every presumption must be indulged in favor of the jurisdiction of the court, unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of the court do not exist. A late case to that effect, citing a number of earlier cases to the same effect, is that of *Road Imp. Dist. No. 4* v. *Ball,* 170 Ark. 522, 281 S. W. 5.

The record in the instant case is not silent as to the service of summonses and the time thereof. The decree contains the affirmative recital that "summons were duly served upon all of the defendants in the month of January, 1929," whereas the cross-complaint was not filed until March 7, 1929, thereafter. So that we have the affirmative recital in the decree itself that the defendants, Harris and wife, were summoned before the cross-complaint against them was filed, and the presumption does

not therefore arise which would be indulged in the absence of this recital that the court had, before rendering judgment for the debt, ascertained that it had acquired the jurisdiction so to do.

Under the facts stated, appellees contend that the decree in favor of the American Bank & Trust Company was properly vacated against both Mrs. Harris and the estate of her husband. But this relief cannot be granted, so far as the estate of Mr. Harris is concerned, for the reason that, whether served with process or not, he was apprised of the pendency of the cross-complaint before the decree was pronounced thereon. *Weeds* v. *Quarles,* 178 Ark. 1158, 13 S. W. (2d) 617. In our opinion, Mr. Harris must necessarily have been aware of the pendency of this cross-complaint and of the nature of the relief therein prayed for. There was never any question about the debt due the First National Bank, and that debt has not been questioned even yet. The question of fact in the case was, to what extent was Harris indebted to the American Bank & Trust Company, and how much, if any, of that debt was secured by the mortgage from Harris and wife to the American Bank & Trust Company? Harris was called as a witness on several different occasions, and was examined at great length upon this subject, and must necessarily have known the purpose of this testimony. It is not certain, however, that Mrs. Harris was also advised of this cross-complaint against herself and her husband. The testimony shows that during this time Mr. Harris was in failing health, and, while it is not contended that he was *non compos,* it does appear that he was unable to give his business affairs the required attention. It appears that Harris' debt to the American Bank & Trust Company was for money borrowed with which to pay for an interest in a business of Harris' father-in-law, and on account of his failing health he resold the same interest to his father-in-law, and one of the principal questions of fact in the original case was whether the father-in-law had paid the bank this debt and the application to be made of the payments received

by the bank from Harris and his father-in-law. Mrs. Harris testified unequivocally that she knew nothing about the cross-complaint, although she was advised of the original complaint; that she and her husband filed no answer to the original complaint because they had no defense, but that she would have made defense against the cross-complaint, had she known that there was a suit of this character pending against her.

Without further recital of the testimony, we announce our conclusion to be that Mrs. Harris was not in fact aware of this cross-complaint, and also that she was not served with any process which had issued thereon.

It follows therefore that the decree in favor of the estate of Mr. Harris is reversed, and the cause remanded with directions to enter a decree in accordance with this opinion. So much of the decree as affects Mrs. Harris personally is affirmed.