BLAKE *v.* DENMAN.

4-9367                                          236 S. W. 2d 433

Opinion delivered February 12, 1951.

352

*W. Harold Flowers* and *L. Clifford Davis,* for appellant.

*Denman & Denman,* for appellee.

ED F. McFADDIN, Justice. In this partition suit filed by appellee, the appellants have pleaded a variety of defenses, but all without avail.

John Blake owned a tract of approximately twenty acres, on which an out-of-State party acquired the tax title. Blake then retained W. F. Denman, an attorney at Prescott, to recover the title. Denman was successful; and for his fee, he received from John Blake and wife a warranty deed to an undivided one-third interest in the land. The deed was duly executed, acknowledged, delivered and recorded in 1937.[1] By agreement with Denman, Blake occupied the land and paid taxes until his death in 1941. His widow and heirs at law continued the arrangement; and the co-tenancy relationship was not disputed prior to this litigation. In 1949 Denman filed this suit for partition; and the widow and heirs of John Blake (appellants here), in resisting, asserted the defenses hereinafter to be discussed. A trial resulted in a decree for the plaintiff; and the defendants have appealed.

I. Appellants claim that the 1937 deed from Blake and wife to Denman should be set aside "because the acquisition by the attorney from his client of part of the subject-matter of the litigation, along with the other elements of bad faith surrounding the transfer, creates a condition of unfairness which equity will not allow to stand." Appellants cite, *inter alia, Maloney* v. *Terry,* 70 Ark. 189, 66 S. W. 919, 72 S. W. 570; *Thweatt* v. *Free-*

---

[1] Contemporaneous with the deed, Denman made a $50 loan to Blake, and as security therefor, Blake and wife duly executed, acknowledged and delivered a deed of trust on the remaining two-thirds interest in the land. The $50 loan was duly paid in the course of time.

*man,* 73 Ark. 575, 84 S. W. 720; *McMillan* v. *Brookfield,* 150 Ark. 518, 234 S. W. 621; *Swaim* v. *Martin,* 158 Ark. 469, 251 S. W. 26; *Powell* v. *Griffin,* 178 Ark. 788, 13 S. W. 2d 18; *Goode* v. *King,* 189 Ark. 1093, 76 S. W. 2d 300; and *Chavis* v. *Martin,* 211 Ark. 80, 199 S. W. 2d 598. These cases correctly declare principles of law; but the facts in the case at bar do not bring it within their holdings. There is no absolute incapacity for dealing between client and attorney; and although transactions between them will be carefully scrutinized, yet those which are obviously fair and just will be upheld.

A review of the evidence in the case at bar convinces us—just as it did the Chancery Court—that W. F. Denman dealt fairly and justly with John Blake; that Denman rendered his client valuable services and received therefor the deed in question as a reasonable fee; that no fraud or overreaching of any kind was practiced; that the deed was and is valid and conveyed the one-third interest therein stated.

II. The appellants claim that "the Court erred in not dismissing the complaint for the reason that it is barred by the seven years Statute of Limitation." To support their plea of limitations and laches, appellants cite, *inter alia,* § 37-101, Ark. Stats.; *Avera* v. *Banks,* 168 Ark. 718, 271 S. W. 970; *Daniels* v. *Moore,* 197 Ark. 727, 125 S. W. 2d 456; *Gibbs* v. *Pace,* 207 Ark. 199, 179 S. W. 2d 690; *Burbridge* v. *Bradley Lumber Co.,* 214 Ark. 135, 215 S. W. 2d 710; *Buckner* v. *Sewell,* 216 Ark. 221, 225 S. W. 2d 525; and *Grimes* v. *Carroll,* 217 Ark. 210, 229 S. W. 2d 668. Again, we observe that the facts in the case at bar do not bring it within the purview of the cited cases. The 1937 deed made Denman a co-tenant with Blake, who, by agreement, continued to occupy the land, and in return therefor paid the taxes. In *Hildreth* v. *Hildreth,* 210 Ark. 342, 196 S. W. 2d 353, we stated:

"The general rule is that the possession of a tenant in common is the possession of his co-tenants, and that in order for the possession of a tenant in common to be adverse to his co-tenants, knowledge of such claim must be brought home to them directly or by such notorious

acts of unequivocal character that notice may be presumed. *Singer* v. *Naron,* 99 Ark. 446, 138 S. W. 958.''

There is an entire absence in this record of any evidence that any notice of any adverse claim was given to Denman, either by John Blake in his lifetime, or by his widow and heirs after his death. In short, there is no evidence on which to base appellants' claims of limitations or laches against Denman as a co-tenant.

## CONCLUSION

It would unduly prolong this opinion to discuss all the other arguments advanced by appellants. It is sufficient to say that we have studied all such arguments and find them to be without merit.

Affirmed.