## DURA CRAFT BOATS, INC. ET AL v. GEORGE A. DAUGHERTY

5-4972                                                     444 S. W. 2d 562

Opinion delivered September 15, 1969

126

*Riddick Riffel,* for appellants.

*Clifton Bond,* for appellee.

JOHN A. FOGLEMAN, Justice. Dura Craft Boats, Inc., as employer, and Employers Insurance of Wausau, as carrier, bring this appeal from an order of the circuit court holding that a workmen's compensation claim of appellee, as employee, was not barred by the statute of limitations. Appellants assert that the claim was barred by Ark. Stat. Ann. § 81-1318 (b) (Repl. 1960). Appellants also seek reversal of that part of the judgment of the trial court awarding claimant compensation for permanent partial disability. We find that the circuit court was correct in reversing the order of the Workmen's Compensation Commission holding that the claim was barred but in error in undertaking to award compensation to the claimant.

Daugherty sustained a compensable injury on April 6, 1963. He was paid temporary total disability benefits for a period of thirteen weeks and two days. The last payment of compensation was in September of 1963. Thereafter the claimant retained the services of James

A. Ross as his attorney. Mr. Ross filed a claim in his behalf on December 8, 1964. The exact nature of this claim is not disclosed by the record before us. On January 11, 1965, Daugherty's attorney and the carrier were advised by the Secretary of the Commission that the claim was being placed upon the "hold" docket and that the commission would not take any further action in regard thereto unless requested by one or both of the interested parties.

On October 21, 1965, Mr. Ross addressed the following letter to the claims manager of the carrier:

> "I have lost all contact with Mr. Daugherty, and I will ask to be relieved as attorney of record."[1]

On October 24, 1965, the claims manager of the carrier requested the commission to dismiss the claim for lack of prosecution. On October 26, 1965, the commission entered an order dismissing the claim for lack of prosecution. This order recited the receipt of the claim on December 8, 1964, and the lack of action by the claimant thereafter to prosecute his claim. A letter was addressed by the Secretary of the Commission to the claims manager of the carrier and to the attorney for the claimant on October 26, 1965. The record reflects the receipt of this letter and copy of the order of dismissal by both Ross and the carrier's claims manager on the following day.

On December 7, 1966, a claim for permanent partial disability was filed by Mr. Clifton Bond on behalf of the claimant. Mr. Bond had been employed by the claimant at some time in 1966.

At a hearing before the Workmen's Compensation Commission, appellee contended that the order of dismissal was void on the ground that the claim-

---

[1]It is conceded that there is no indication or evidence that Ross ever made such a request of the commission. (Footnote ours.)

ant did not have notice and was, therefore, denied due process. The commission held that the statute of limitations had run on the claim filed in December 1966. Daugherty then appealed to the Circuit Court of Drew County. On this appeal, the judgment now before us was entered.

Appellant contends that the order of dismissal was valid and properly served. In support of his position that the order of dismissal was void, the appellee urges that Ark. Stat. Ann. § 29-107 (Repl. 1962) be applied. We agree with the appellant that this section, relied upon by the trial court, is not applicable to an order of the Workmen's Compensation Commission. This section by its own language applied only to judgments and orders of the courts of this state.

The Workmen's Compensation Commission is not bound by technical or formal rules of procedure. Ark. Stat. Ann. § 81-1327 (Repl. 1960). The commission is specifically authorized to make such rules and regulations as may be found necessary for the purpose of administering the provisions of the act. Ark. Stat. Ann. § 81-1342 (f) (Repl. 1960). The third paragraph of Rule 13 of the Commission reads:

> "Upon meritorious application to the Commission from either party in an action pending before said Commission, requesting that said claim be dismissed for want of prosecution, the Commission may, upon reasonable notice to all parties thereto enter an order dismissing said claim for want of prosecution."

Clearly this procedural rule requires reasonable notice to the claimant before his claim is dismissed for want of prosecution. The obvious purpose of this notice is to permit the claimant to resist the dismissal and to show, if he can do so, that the application for dismissal is without merit. No such notice was given or attempted. The rule can only be designed to permit the commission

to see that the rights of the claimant are not prejudiced. We can hardly conceive of an employer or carrier being prejudiced by a claimant's dismissal of his claim. Notice after dismissal would not afford the protection provided.

We have held that a party to an action who was not served with process thereon and who was not in fact aware of a cross complaint against him was entitled to have a decree thereon vacated. *Taylor* v. *Harris,* 186 Ark. 580, 54 S. W. 2d 701; *Woods* v. *Quarels,* 178 Ark. 1158, 13 S. W. 2d 617. Although the copy of the letter transmitting the order of dismissal indicated that a carbon copy was addressed to Daugherty on Route 5, Monticello, Arkansas, Daugherty denied ever having received it. There is no receipt for registered or certified mail signed by him, and he testified that he had moved to Route 2, Monticello. The Workmen's Compensation Commission made no finding that Daugherty received this letter. In view of this testimony and the fact that Ross had lost contact with him, it could hardly be said that Daugherty had actual notice of the dismissal or request therefor. He flatly denies that he did. There is no evidence of any effort to give notice to him or his attorney prior to the entry of the order. According to Daugherty, Ross talked to him about getting another attorney sometime during the political campaigns of 1966. It was not shown that anything was said about the order of dismissal. Daugherty's testimony is the only testimony offered on this subject. Under these circumstances, we think the finding of the trial judge, that the order of dismissal was void, is correct.

It was clearly beyond the powers of the circuit court to make a finding as to the extent of appellee's permanent disability, since this issue depends upon findings of fact by the Workmen's Compensation Commission which it has not made. The only power of the circuit court in this situation was to remand the case to the Workmen's Compensation Commission. *Long-Bell Lumber Company* v. *Mitchell,* 206 Ark. 854, 177 S. W. 2d 920.

130

We are unable to ascertain from the record before us the nature of the claim pending before the commission at the time of the entry of the order of dismissal. Consequently, we can only remand this case to the circuit court with directions that it be remanded to the Workmen's Compensation Commission for further proceedings not inconsistent with this opinion.