Hazel HOPPER, Widow of J. P. Hopper *v.*
THE RUST ENGINEERING COMPANY, et al

5-5729                                          474 S.W. 2d 414

Opinion delivered December 20, 1971
[Rehearing denied January 24, 1972.]

*John Norman Warnock* and *Lester Dole,* for appellant.

*Riddick Riffel,* for appellees.

Conley Byrd, Justice. The issue on this appeal is whether the Workmen's Compensation Commission erred in refusing to reopen the claim of Hazel Hopper, widow of J. P. Hopper, for death benefits.

The referee's order, adopted by the Commission, shows that on August 8, 1966, J. P. Hopper while working for appellee, The Rust Engineering Company, got into an argument over a dice game. He resumed his work about noon but subsequently returned to the dice game where he and another employee got into a scuffle. He died within a few minutes thereafter. A claim for compensation benefits for appellant as the sole dependent was filed on October 12, 1966, by her then attorney Richard Earl Griffin. A hearing was held on that claim on June 23, 1967. At the request of claimant's counsel the hearing was held open until additional evidence could be presented. March 29, 1968, Mr. John E. Cowne, Jr., Secretary of the Commission, wrote to claimant's counsel, with a copy to claimant, that the claim would be dismissed within 30 days if no further action were taken. On May 1, 1968, the claim was dismissed without prejudice for failure to prosecute. July 8, 1969 the Commis-

sion received a letter from claimant's present attorney that he desired to reopen the claim due to newly discovered evidence.

Claimant admitted that she received the copy of the Commission's letter of March 29, 1968, but denied any knowledge of the May 1, 1968, order. Mr. Griffin testified that he had told her about the May 1, 1968, order before the file was turned over to present counsel. Other evidence in the record shows that decedent had had a prior heart condition.

To reverse the decision of the circuit court sustaining the Commission's refusal to reopen the case, claimant relies upon *Dura Craft Boats, Inc.* v. *Daugherty,* 247 Ark. 125, 444 S. W. 2d 562 (1969). There, however, it was not shown that claimant had notice of the order dismissing the claim. Here there is substantial evidence that claimant was made aware of the order of dismissal in apt time.

The petition to reopen was filed more than one year after the order of dismissal and more than two years after the death of the employee. Under Ark. Stat. Ann. § 81-1318 (b) (Repl. 1960) the claim was properly dismissed.

Affirmed.