Michael WISEMAN *v.* Fines BATCHELOR, Jr.

93-396                                              864 S.W.2d 248

Supreme Court of Arkansas
Opinion delivered November 8, 1993

*Robert S. Blatt* and *Phillip J. Taylor*, for appellant.

*Davis, Cox & Wright*, by: *Kelly Carithers* and *Tim E. Howell*, for appellee.

ROBERT L. BROWN, Justice. The appellant, Michael Wiseman, contends on appeal that the trial court erred in dismissing his complaint with prejudice. His complaint alleged actual fraud and constructive fraud against the appellee, Fines Batchelor, who was the attorney for an opposing party in prior litigation. He further urges that the trial court erred in not allowing him to amend his complaint prior to dismissal. We disagree on both counts and affirm the dismissal with prejudice.

Michael Wiseman was involved in several lawsuits against Billie Weaver, who retained the appellee as his attorney. The litigation concerned rural property rights in Crawford County. At one point in the dispute, Weaver fired a shot at Wiseman, and Wiseman sued him for damages and prevailed. He was awarded $40,000. Wiseman sought to collect this amount, and Weaver petitioned for Chapter 7 relief in U.S. Bankruptcy Court. Because of misrepresentations in his petition, the bankruptcy court denied Weaver a discharge from his debts on November 14, 1990, and effectively dismissed his petition. In that same order, the bankruptcy court denied Wiseman's request for Rule 11 sanctions against the appellee and Billie Weaver and stated that the appellee "has the right to believe his client."

Wiseman then filed the complaint against Batchelor which is the subject of this appeal and alleged actual fraud and constructive fraud, emanating from the misrepresentations made by Batchelor as attorney for Weaver in prior litigation. The appellee moved to dismiss the complaint for failure to state a claim under Ark. R. Civ. P. 12(b)(6) and on grounds that it was barred by the

doctrines of *res judicata* and collateral estoppel. After hearing the matter, the trial court dismissed the complaint with prejudice, citing failure to state a claim and lack of venue as its reasons. The court specifically denied dismissal on grounds of *res judicata* or collateral estoppel.

■ Wiseman first argues that the trial court erred in finding that he had failed to state a cause of action under Rule 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the facts alleged in the complaint are treated as true and those facts are viewed in the light most favorable to the party who filed the complaint. *Deitsch* v. *Tilley*, 309 Ark. 401, 833 S.W.2d 760 (1992); *Battle* v. *Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989). In deciding such motions, the trial court must look only to the allegations in the complaint. *Deitsch* v. *Tilley, supra.*

We turn then to the complaint filed by Wiseman. The two counts brought against Batchelor are for actual fraud and constructive fraud. We first consider the trial court's dismissal of the actual fraud count. The complaint alleges the following factual underpinnings in support of fraud:

1. The appellee's filing of the bankruptcy petition delayed collection of the $40,000 judgment. It further caused a depletion and depreciation of Weaver's assets.

2. The bankruptcy petition prepared by the appellee failed to include Weaver's ownership of a tractor and certain land, when the appellee had alleged in pleadings or testified in prior litigation that Weaver owned both.

3. The appellee filed a false pleading on behalf of a woman he did not represent who was party with Weaver to a fraudulent transfer of Weaver's land.

4. The appellee claimed an exemption of certain land in bankruptcy court on behalf of Weaver in bad faith.

No allegation of Wiseman's reliance on these misrepresentations was included in the complaint.

■ We agree with the trial court that a claim for relief has not been stated. Actual fraud is established by proving the existence of the following five elements: (1) a false representa-

tion, usually of a material fact; (2) knowledge or belief by the defendant that the representation is false; (3) intent to induce reliance on the part of the plaintiff; (4) justifiable reliance by the plaintiff; and, (5) resulting damage to the plaintiff. *Nicholson* v. *Century 21*, 307 Ark. 161, 818 S.W.2d 254 (1991); *McWilliams* v. *Zedlitz*, 294 Ark. 336, 742 S.W.2d 929 (1988); Brill, *Arkansas Law of Damages*, §35-7, p. 489 (1990). In addition, Act 661 of 1987, now codified as Ark. Code Ann. § 16-22-310 (Supp. 1993), protects attorneys from liability to those not in privity with them but excepts from this protection actions for intentional fraud. *See Almand* v. *Benton County*, 145 B.R. 608 (W.D. Ark. 1992) (immunity for attorneys excluded for intentional acts under § 16-22-310).

■ While alleged misrepresentations by the appellee are included in Wiseman's complaint and are undisputed for purposes of a 12(b)(6) analysis, we fail to observe, as did the trial court, any allegation of justifiable reliance by Wiseman on the alleged false statements or even any basis for such an allegation. False statements, by themselves, are not sufficient to state a claim for fraud. An assertion of justifiable reliance by Wiseman must accompany allegations of misrepresentation, or there must be some foundation for such reliance set out in the complaint. Here, we see none. Indeed, quite the opposite appears true, since Wiseman contested the misstatements in the bankruptcy petition and ultimately succeeded in having the bankruptcy court deny Weaver a discharge. In our reading of Wiseman's complaint, the grievance complained of seems more akin to abuse of process by the appellee to hinder collection of a judgment rather than reliance on falsehoods to his detriment. The trial court correctly dismissed this count.

■■ We turn next to the dismissal of the constructive fraud count. We have described constructive fraud as a type of fraud based upon a breach of a legal or equitable duty which the law declares to be fraudulent because of its tendency to deceive others, regardless of the moral guilt, purpose, or intent of the perpetrator. *Miskimins* v. *The City Nat'l Bank*, 248 Ark. 1194, 456 S.W.2d 673 (1970). We can discern in the case before us no legal or equitable duty owed to Wiseman by the attorney for the opposing party. The duty which the appellee was required to perform was to his client, Weaver. To create a duty in an attorney which

flows both to the client and to the opposing party seems to be untenable and in diametric conflict. *See Smith* v. *Hurd*, 699 F. Supp. 1433 (D. Haw. 1988). Moreover, we are not convinced by Wiseman's argument that the general duty owed by a lawyer to the public at large as an officer of the court under the Model Rules of Professional Conduct or by virtue of the Attorney's Oath satisfies the duty prerequisite for constructive fraud.

■ We note on this point that Wiseman adduces no authority to substantiate his argument that a general duty owed to the public suffices for constructive fraud. We further note where our Model Rules of Professional Conduct specifically state: "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached." *Scope*, Model Rules of Professional Conduct (adopted by Per Curiam Order Dec. 16, 1985).

■ Finally, Ark. Code Ann. § 16-22-310 grants immunity to attorneys from lawsuits brought by persons not in privity with them except for actions for fraud or intentional misrepresentation. The exception appears to be one for intentional actions. *See Almand* v. *Benton County, supra*. Constructive fraud is not an intentional tort. Again, we agree with the trial court that no claim for relief was stated.

For his next point, Wiseman urges that the trial court should have allowed him to amend his complaint to state a claim for relief. He cites this court to his Reply to the appellee's Motion to Dismiss where he states: "If the Court finds that additional facts need to be plead, then the Court shall allow the Plaintiff to amend his pleading."

Our rules set forth the procedure for amendment of pleadings:

> With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.

Ark. R. Civ. P. 15(a).

■ As best we can glean from the record, no amendment to his complaint was offered by Wiseman. Yet, Rule 15(a) clearly provides that a party may amend the pleadings at any time without leave of the court. Then, it is incumbent on the opposing party to object to the amendment, followed by a court ruling. Wiseman simply failed to offer an amendment, and the issue is not preserved for our review on appeal.

■ There is an oblique reference both at the hearing on the appellee's Motion to Dismiss and in the trial court's Order of Dismissal to a prior third-party complaint wherein Wiseman also alleged fraud against Batchelor. That complaint was dismissed without prejudice. This prior litigation is described to some extent in the parties' arguments in their briefs. Ordinarily, a second dismissal of an action operates as an adjudication on the merits. Ark. R. Civ. P. 41(b). However, we are unable to determine the precise nature of the prior action due to the dearth of information in the record before us, and for that reason we refrain from affirming on that basis.

We need not address the final point raised by Wiseman relating to venue, since we affirm the trial court on other grounds.

Affirmed.