EVANS INDUSTRIAL COATINGS, INC. *v.* The CHANCERY COURT OF UNION COUNTY, Arkansas, Third Division

93-811                                              870 S.W.2d 701

Supreme Court of Arkansas
Opinion delivered February 7, 1994

730

*Peel & Dunham, P.A.*, by: *James Dunham*, for appellant.

*Henry C. Kinslow*, for appellee.

ROBERT L. BROWN, Justice. Evans Industrial Coatings, Inc. petitions for a writ of prohibition due to lack of venue in the Union County Chancery Court. We hold that venue of this matter does not lie in Union County, and we grant the writ.

Because resolution of this matter turns in large part on the allegations in the complaint, we describe the complaint in some detail. Joe Dean brought the complaint against Evans, a contractor, and Ensco, a waste disposal business, in Union County. Dean resides in Ashley County. Evans is a corporation with its principal place of business in Pope County. The complaint alleges that Evans performed construction work for Ensco in Union County. Dean, according to an agreement with Evans, assisted Evans in that work as a consultant and "in part to maximize profits." Dean was to be paid a weekly salary under the agreement from a sep-

arate bank account maintained by Evans which would be funded by payments from Ensco for the work performed. Evans was to keep separate records on the account and make them available to Dean on three-days notice. Evans was also to pay Dean on a quarterly basis 50 percent of the net after-tax profits generated by the job.

Dean asserts in the complaint that Evans breached this agreement by refusing to provide an accounting or to make distributions of 50 percent of net after-tax profits. He further alleges that if a temporary restraining order is not issued the remaining funds to be paid Evans by Ensco will be dissipated, and he will be left without a remedy.

At the heart of Evans's prohibition petition is Dean's allegation of fraud in his complaint which we quote in full:

> 7. Additionally, or in the alternative, Plaintiff has an action for fraud against Defendant Evans for breach of fiduciary duty. Under paragraph 4 of Exhibit "A", it is apparent that Evans is a fiduciary of 50% of the net after tax profits generated by the El Dorado Branch during the three months of operation in question. By willfully refusing to pay said monies within 10 days after January 19, 1993, and further refusing to provide an accounting, it has become apparent that Evans has, and will continue to breach the fiduciary duty owed to Plaintiff, and as a result Plaintiff will suffer damage by not obtaining the funds he is owed. Said acts of Defendant Evans are willful, intentional and done with conscious disregard of Plaintiff's contractual rights to the funds.

Dean then concludes that he is entitled to judgment for breach of contract in the amount of all funds remaining unpaid by Ensco. He prays for (1) an accounting for the amount owed him under the contract, (2) judgment for breach of contract, and (3) a temporary restraining order and injunction against Ensco, ordering it to pay the disputed funds into the registry of the court.

Ensco subsequently interpled the funds at issue and was dismissed from the lawsuit.

Evans moved to dismiss Dean's complaint for lack of venue

on grounds that its principal place of business is in Pope County and it was not served with the complaint in Union County. The chancellor found that Evans had no current office in Union County, but he denied the motion on the basis that a cause of action for constructive fraud had been stated:

> However, paragraph seven (7) of Plaintiff's complaint alleges that by virtue of the contractual relationship between the parties a fiduciary relationship resulted which was breached by Defendant Evans's failure to account and pay monies to Plaintiff. Drawing inference from this pleading in favor of Plaintiff, and (sic) allegation of "Constructive Fraud," is made.

Following the chancellor's decision, Dean amended his complaint to add the following allegation:

> 3. Dean alleges he is due funds from both Defendants due to separate Defendant Evans misrepresentation, in that Evans misrepresented to Dean that he would be paid 50% of the net profits and Dean, in reliance on said misrepresentation, suffered damages.

He added additional prayers for judgment for breach of fiduciary duty, for unjust enrichment, and for fraudulent misrepresentation.

■ The parties agree that the issue before this court is whether fraud, either actual fraud or constructive fraud, has been sufficiently pled to vest venue of this matter in Union County. We first consider Dean's amended complaint and his allegation of misrepresentation. Our Rules of Civil Procedure provide that "the circumstances constituting fraud . . . be stated with particularity." Ark. R. Civ. P. 9; *see also Prairie Implement Co. v. Circuit Court of Prairie County*, 311 Ark. 200, 844 S.W.2d 299 (1992). In *Prairie Implement Co.*, we further said, "The facts and circumstances constituting the fraud shall be set forth. There should be some concealment, misrepresentation . . . by which another is misled, to his detriment; and these, or some of them, must be alleged and proved." 311 Ark. at 205, 844 S.W.2d at 302, *quoting Beam Bros. Contractors v. Monsanto Co.*, 259 Ark. 253, 263, 532 S.W.2d 175, 180 (1976) and *McIlroy v. Buckner*, 35 Ark. 555, 558, 559 (1880).

■■ This court has further endorsed five elements of actual fraud: (1) a false representation, usually of a material fact; (2) knowledge or belief by the defendant that a representation is false; (3) intent to induce reliance on the part of the plaintiff; (4) justifiable reliance by the plaintiff; and (5) resulting damage to the plaintiff. *Wiseman* v. *Batchelor*, 315 Ark. 85, 864 S.W.2d 248 (Nov. 8, 1993); *Interstate Freeway Service, Inc.* v. *Houser*, 310 Ark. 302, 835 S.W.2d 872 (1992); *Wilson* v. *Allen*, 305 Ark. 582, 810 S.W.2d 42 (1991). Dean's amended complaint simply fails to state facts supporting any basis for an intentional misrepresentation by Evans. All that is alleged is that he has not been provided an accounting or paid funds which violates the terms of his agreement. That is an allegation of a broken promise. It is clearly conclusory and insufficient as an allegation of actual fraud under our rules or caselaw.

■ Dean, in the alternative, urges that he has alleged sufficient grounds for constructive fraud and that constructive fraud will suffice to sustain venue in the county where that fraud occurred. *See* Ark. Code Ann. § 16-60-113(b) (1987). Ordinarily, he is correct. The operable statute provides that "[a]ny action for any type of fraud" may be brought in the county where one or more of the fraudulent acts occurred. *Id.* The remaining question then is whether constructive fraud has been pled in appropriate fashion to establish venue.

■ We do not believe that it has been. Constructive fraud is a type of fraud based on a breach of a legal or equitable duty which the law declares to be fraudulent because of its tendency to deceive others, regardless of the moral guilt, purpose, or intent of the perpetrator. *Wiseman* v. *Batchelor, supra; Miskimins* v. *The City Nat'l Bank*, 248 Ark. 1194, 456 S.W.2d 673 (1970). Representations are considered to be fraudulent when made by one who either knows them to be false or, not knowing, asserts them to be true. *Miskimins* v. *The City Nat'l Bank, supra; Lane* v. *Rachel*, 239 Ark. 400, 389 S.W.2d 621 (1965). It must also be pled with particularity. *Lovell* v. *Marianna Fed. S & L Ass'n*, 264 Ark. 99, 568 S.W.2d 38 (1978).

■■ Dean argues that Evans's promise to account and pay a percentage of profits, as contained in the agreement, created a fiduciary duty which was later breached. We begin by noting that

a fiduciary relationship is not vital to a finding of constructive fraud. Nevertheless, it may form the basis for the practice of a constructive fraud. *Wiseman* v. *Batchelor, supra; Chavis* v. *Martin*, 211 Ark. 80, 199 S.W.2d 598 (1947). However, we find no basis in the complaint for a fiduciary relationship between Evans and Dean. It is simply alleged that they were parties to an agreement who had promised to perform certain acts. No particular relationship of trust or confidence developed because of the agreement. Certainly, the promise by Evans to account and pay, by itself, does not transform a relationship into one that is fiduciary in nature.

Nor do we find any allegation of an unintentional misrepresentation by Evans which could form the basis for constructive fraud. Dean merely alleges that Evans did not account or pay him as promised in the agreement. That payment is the essence of Evans's obligation under the contract and is a far cry from an assertion that Evans misrepresented material facts, albeit inadvertently, which induced Dean to enter into the agreement. On this point we further note that Dean does not pray for damages due to fraud or for rescission of the contract due to misrepresentation. He prays for damages for breach of fiduciary duty. A cause of action for breach of fiduciary duty is not the same as a cause of action for constructive fraud, though the two may emanate from the same fact situation.

Were we to hold that an independent cause of action for constructive fraud exists in this case so as to warrant venue in Union County, we would be hard pressed not to recognize constructive fraud in every action in contract where a promise to account and pay has been violated. Constructive fraud is a distinct cause of action from breach of contract and, as already stated, a distinct cause of action from breach of fiduciary duty. A cause of action for fraudulent acts in Union County has not been sufficiently pled.

Writ granted.