David PERRODIN *v.* Oley E. ROOKER

94-1091                                                        908 S.W.2d 85

Supreme Court of Arkansas
Opinion delivered October 16, 1995

John Wesley Hall, Jr., for appellant.

Charles A. Brown, P.A., for appellee.

BRADLEY D. JESSON, Chief Justice. Perrodin filed suit against Rooker alleging that Rooker had committed the torts of malicious prosecution and outrage. The trial court dismissed the action. We affirm the trial court's decision.

This case arises out of an altercation which took place between the parties on February 1, 1991, on a Little Rock parking lot. The complaint which is the subject of this appeal is silent as to the facts giving rise to the incident. However, the pleading does reveal that, at some point after the altercation took place, Rooker swore out an affidavit at the prosecutor's office which resulted in Perrodin being charged with aggravated assault and second degree battery. Perrodin was arrested, appeared in municipal court, and was bound over to circuit court. The case was submitted to a circuit court jury and Perrodin was acquitted of the charges.

Two lawsuits followed. The first was a negligence action filed by Rooker in Pulaski County Circuit Court, Seventh Division. Rooker alleged that he suffered injuries which were proximately caused by Perrodin's negligence. The second lawsuit was filed by Perrodin in Pulaski County Circuit Court, Fifth Division, and attempted to set forth causes of action for malicious prosecution and the tort of outrage. Rooker moved to dismiss on three grounds: 1) the case should have been pursued as a counterclaim in the negligence action; 2) the complaint failed to state facts upon which relief could be granted; and 3) Rooker had probable cause as a matter of law to swear out the warrant against Perrodin. To support his argument on the third point, Rooker

attached a municipal court certificate regarding a finding of probable cause, and two pages of testimony which, according to Rooker, was given by an officer "at the probable cause hearing."

The cases were eventually consolidated, with Perrodin's case being treated as a counterclaim. Once consolidated, the motion to dismiss was granted. The trial judge gave two alternative reasons for his ruling. He stated that dismissal of the complaint was proper under ARCP Rule 12, or that partial summary judgment could be granted pursuant to ARCP Rule 56. In reviewing the judge's order, we note that he considered materials outside the pleadings to reach his finding that probable cause existed as a matter of law, thereby providing a basis for partial summary judgment. Alternatively, he found that a motion to dismiss *both counts* was proper in that the complaint failed to state sufficient facts to support a cause of action for either malicious prosecution or outrage. Because we agree with the trial judge's conclusion that Perrodin's pleading failed to state facts upon which relief could be granted, we will treat this case as a review of the ruling on the motion to dismiss and will not reach that part of the court's order dealing with partial summary judgment. We also note that the negligence action was subsequently dismissed with prejudice, so the rights of all parties to the case have been concluded.

Perrodin's first amended complaint, which was later converted to a counterclaim, reads, in pertinent part, as follows:

> The Defendant filed an affidavit with the Pulaski County Prosecutor's office claiming he had been assaulted and battered by the Plaintiff. The charges of the Plaintiff were false and the defendant failed to provide fair and accurate information to the prosecutor resulting in the charges being filed. Had the Defendant provided proper information to the prosecutor a finding of probable cause would not have been made.

> The charge was made with malice and intent to harm the Plaintiff.

> The Plaintiff was acquitted of the charges brought against him as a result of the affidavit filed by the Defendant. However, the stress of the trial caused Plaintiff to suffer chest pains requiring medical treatment.

The Plaintiff was damaged by the conduct of the Plaintiff [sic] in that he had to hire an attorney and pay legal fees and cost to defend himself, for his medical damages resulting in the stress and chest pains which were the direct result of the stress of the pending trial and mental anguish.

The actions of the Defendant in pursuing this course of action against the Plaintiff went beyond the scope of conduct considered reasonable by society at large to such an extent it should be considered outrageous.

The Plaintiff suffered mental anguish and pain beyond what a reasonable person could be expected to endure as a result of the conduct of the Defendant.

■ Arkansas is a state which requires *fact* pleading. ARCP Rule 8(a)(1). The pleader must set forth more than mere conclusions. *Rabalaias* v. *Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985). A pleading is subject to dismissal if it fails to state facts upon which relief can be granted. ARCP Rule 12(b)(6). A pleading is also deficient if it fails to set forth facts pertaining to an essential element of the cause of action. *Wiseman* v. *Batchelor*, 315 Ark. 85, 864 S.W.2d 248 (1993). When we review an order granting a motion to dismiss, we treat the allegations in the pleading as true and view them in a light most favorable to the party who filed the pleading. *Neal* v. *Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994).

■■ Two of the essential elements of malicious prosecution are malice and absence of probable cause for the proceedings instituted against the plaintiff. *Harmon* v. *Carco Carriage Corp.*, 320 Ark. 322, 895 S.W.2d 938 (1995); *Cox* v. *McLaughlin*, 315 Ark. 338, 867 S.W.2d 460 (1993). Perrodin's pleading fails to set forth any facts showing either of these elements. A mere statement that the defendant's conduct was malicious is not sufficient. The mere statement that Perrodin was acquitted does not equate to a lack of probable cause. Further, the pleading sets forth no facts pertaining to the lack of probable cause or the alleged falsity of the information given to the prosecutor. See *Hollingsworth* v. *First Nat'l. Bank & Trust Co.*, 311 Ark. 637, 846 S.W.2d 176 (1993).

■ Likewise, Perrodin failed to state sufficient facts to

support his cause of action for outrage. In the case of *Cordes* v. *Outdoor Living Ctr.*, 301 Ark. 26, 781 S.W.2d 31 (1989), we set out the elements of this tort: 1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; 2) the conduct was extreme and outrageous and utterly intolerable in a civilized community; 3) the conduct was the cause of the plaintiff's distress; and 4) the plaintiff's emotional distress was so severe in nature that no reasonable person could be expected to endure it. *See also Hollingsworth, supra.*

Although Perrodin's pleading touches on these elements, it fails to set forth the *facts* which gave rise to these elements. It merely concludes that Rooker's conduct was outrageous. In particular, there are no facts which show that Rooker intended to inflict emotional distress on Perrodin, or should have known that his actions would likely cause emotional distress.

Based upon the foregoing, we uphold the trial court's decision to grant the motion to dismiss. As in *Hollingsworth*, since the dismissal was without mention of prejudice and Perrodin elected to appeal rather than to plead further, his complaint is considered dismissed with prejudice.

Affirmed.