Johnnie MANN *v.* Jessie ORRELL, d/b/a the Centerfold Club,
Centerfold Entertainment Club, Inc., and Paul Maummar

95-680                                                    912 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered December 11, 1995

*Gary M. Lax*, for appellant.

*Hurts Law Office*, by: *Q. Byrum Hurst*, for appellee Jessie Orrell d/b/a the Centerfold Club.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Rick Runnells* and *Julia L. Busfield*, for appellee Paul Maummar.

BRADLEY D. JESSON, Chief Justice. The appellant, Johnnie Mann, filed suit against Jessie Orrell, d/b/a The Centerfold Club, and Centerfold Entertainment Club, Inc. (hereafter "the Centerfold Club") and Paul Maummar. The complaint was dismissed by the trial court. We affirm.

The facts as set out in Mann's complaint and amended complaint reflect that on May 18, 1991, Mann was an officer with the

Hot Springs Police Department. In the course of his duties, he was called to the Centerfold Club to quell a disturbance. When he arrived, he observed three individuals, who were allegedly involved in the disturbance, running to a pickup truck that was parked in the club's parking lot. The truck was owned by Paul Maummar. (The pleadings do not indicate that Maummar was at the scene.) When the individuals attempted to flee in the truck, Mann pulled his vehicle into the parking lot to block their exit. Mann then got out of his vehicle and was struck by the pickup truck. He sustained injuries as a result.

On May 16, 1994, Mann filed suit in Garland County Circuit Court naming the Centerfold Club and Paul Maummar as defendants. The driver and occupants of the pickup truck were not named. Mann's complaint and his subsequent amended complaint alleged that the club was an establishment which allowed patrons to bring liquor onto the premises. It was further alleged that the three individuals who attempted to flee the scene were under age 21 and that the club had allowed them to consume intoxicating beverages to such an extent that they became unruly and dangerous. In particular, Mann claimed that the club was negligent in facilitating the consumption of alcohol by minors, in failing to screen for underage patrons, in failing to remove the minors once they became unruly, in creating an environment conducive to violence and in failing to maintain the premises in a reasonably safe condition. Finally, Mann claimed that the club's manner of doing business constituted willful and wanton conduct.

The allegations against Paul Maummar were contained in one paragraph, which read as follows:

> The Defendant, Paul Maummar, was negligent in as much as he was the owner of the aforesaid vehicle and he failed to use ordinary care by permitting one or more of the three (3) previously named individuals to be in possession and drive his car when he knew or reasonably should have known that they would become intoxicated and that they would otherwise operate his vehicle in a reckless manner.

The appellees responded to Mann's amended complaint with motions to dismiss, pursuant to ARCP Rule 12(b)(6). The Centerfold Club argued that Mann was attempting to impose "dram shop" liability, which is not recognized in Arkansas. Maummar

argued that Mann had failed to state facts upon which relief could be granted. The trial judge granted both motions to dismiss. Both dismissals were without prejudice. Mann elected to bring this appeal rather than to plead further.

When we review an order granting a motion to dismiss, we treat the allegations in the pleading as true and view those allegations in a light most favorable to the appellant. *Perrodin* v. *Rooker*, 322 Ark. 117, 908 S.W.2d 85 (1995). We have reviewed the trial court's order with this standard in mind, and hold that the dismissal of the complaint was proper.

Mann recognizes that this court has declined to impose liability on a tavern owner for injury to a patron or third person when the injury results from the consumption of alcohol. *First American Bank of North Little Rock* v. *Associated Hosts, Inc.*, 292 Ark. 445, 730 S.W.2d 496 (1987); *Carr* v. *Turner*, 238 Ark. 889, 385 S.W.2d 656 (1965). This is true even in the case of illegal consumption of alcohol by a minor. *Yancey* v. *The Beverage House of Little Rock*, 291 Ark. 217, 723 S.W.2d 826 (1987); *Milligan* v. *County Line Liquor, Inc.*, 289 Ark. 129, 709 S.W.2d 409 (1986). However, in his brief, Mann attempts to distinguish this line of cases as follows:

> The Complaint specifically alleges that the Centerfold Club failed to use ordinary care to maintain its premises in a reasonably safe condition by allowing minors to consume alcoholic beverages illegally on the premises to such an extent that they became drunk and unruly. As alleged in the Complaint, this failure was the proximate cause of Appellant's injury. The [other liquor liability cases] concern instances where patrons left the premises of the tavern or liquor store owner and injured the third party off the premises. Appellant submits that the distinction is valid. . . .

Mann admits that his cause of action against the Centerfold Club is grounded on the fact that minors were allowed to consume alcoholic beverages on the premises. However, he would have us change our long-standing rule simply because of the site where the injury occurred. This is not a valid argument. In *Carr* v. *Turner, supra*, alcoholic beverages were also illegally consumed on the premises, but the injury to the third person occurred

on a public street. It would be illogical for us to refuse to impose liability in *Carr*, where illegal, on-site consumption of intoxicants purportedly led to injury away from the premises, yet impose it here where illegal, on-site consumption of intoxicants purportedly led to injury on the parking lot of the premises.

To further support his argument, Mann cites *Industrial Park Businessmen's Club* v. *Buck*, 252 Ark. 513, 479 S.W.2d 842 (1972). In that case, Buck was injured when another patron of the club shot him. Buck had made a nuisance of himself to the patrons and management of the bar. A patron of the bar, who had turned his pistol over to the bartender, was allowed by Barg, the club's manager of sorts, to retrieve the pistol for the purpose of dealing with Buck's obnoxious behavior. The case also reflects that, when the injury occurred, the club had been emptied of personnel, including bartenders and waitresses, leaving only Barg, who was in an intoxicated state. We upheld a verdict in favor of Buck and noted that a tavern keeper has a duty to use reasonable care to protect guests or patrons from reasonably forseeable injury, mistreatment or annoyance at the hands of other patrons. We further stated that negligence in such a situation might consist of failure to take appropriate action to eject persons of undesirable character from the premises, knowingly permitting irresponsible, vicious or drunken persons to be in and about the premises, or failure to maintain order and sobriety in the establishment.

Although both the *Buck* case and the case at bar concern a dangerous, drunken and disorderly situation, there is no evidence that liability in *Buck* was premised on the consumption of alcohol. By contrast, the very heart of Mann's case is the allegation that the Centerfold Club facilitated the consumption of alcohol by underage persons. As we have said many times, we will not impose liability on a tavern owner for injuries resulting from the wrongdoer's intoxication.[1]

---

[1]We note also that the *Buck* case involves a tavern's duty to its *patrons*. We have not been asked to decide whether Mann's status as an on-duty police officer would have any effect on the Centerfold Club's liability. See *Waggoner* v. *Troutman Oil Co., Inc.*, 320 Ark. 56, 894 S.W.2d 913 (1995), where we recognized the professional rescuer doctrine, also known as the Firemen's Rule. See also *Pottebaum* v. *Hinds*, 347 N.W.2d 642 (Iowa 1984).

■ We now turn to that portion of the complaint which attempts to state a cause of action against Paul Maummar for negligent entrustment. The elements of negligent entrustment are: 1) the entrustee is incompetent, inexperienced or reckless; 2) the entrustor knew or had reason to know of the entrustee's propensities or condition; 3) an entrustment of chattel; 4) the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the entrustor; and 5) harm proximately caused by the negligence of the entrustor. *LeClaire* v. *Commercial Siding & Maintenance Co.*, 308 Ark. 580. 826 S.W.2d 247 (1992).

■■ There is nothing in Mann's complaint to indicate that the entrustment created an appreciable risk of harm to Mann and a relational duty on the part of Maummar. A pleading is deficient if it fails to set forth facts pertaining to an essential element of the cause of action. *Wiseman* v. *Batchelor*, 315 Ark. 85, 864 S.W.2d 248 (1993). Additionally, Arkansas is a state that requires *fact* pleading. A pleading which sets forth mere conclusions is not sufficient under our Rules of Civil Procedure. *Perrodin* v. *Rooker, supra.* Mann's complaint attempts to follow the elements of a negligent entrustment cause of action, but sets forth virtually no facts which correspond to those elements. We agree with the trial court's decision to dismiss the complaint against Maummar.

■ Mann's complaint was dismissed without prejudice. He had the option to plead further. However, he chose to appeal. Since we have determined that the trial court's dismissal was proper, Mann's complaint is now dismissed with prejudice. See *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

Affirmed.