Ray E. RIPPEE *v.* Dorothy Sue WALTERS

CA 00-834                                              40 S.W.3d 823

Court of Appeals of Arkansas
Division IV
Opinion delivered March 14, 2001

*James R. Filyaw*, for appellant.

*Mashburn & Taylor*, by: *Timothy L. Brooks*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Ray E. Rippee appeals the dismissal of his complaint against appellee Dorothy Sue Walters, with whom appellant had a live-in, nonmarital relationship for several years. Appellant filed the instant action seeking the imposition of a constructive trust to prevent appellee's unjust enrichment or, alternatively, to enforce an implied contract between the parties in order to force a division in accordance with the Arkansas laws on divorce and division of marital property. Appellant's complaint in the Crawford County Chancery Court alleged the following, which we condense:

That the parties met and began a relationship in 1987; that they later agreed to live together and establish a household toward which both would contribute time, effort, and money; that they moved to Winslow, Arkansas, in 1991; that he contributed his earnings from employment in construction and stonework for the purposes of joint living expenses, the expenses of their separate minor children, and for the purpose of acquiring personal and real property; that he was led to believe and was informed, directly and indirectly, by appellee that all properties acquired during their cohabitation were their joint property; that he believed her representations that their association was permanent and that if it dissolved, appellant would be entitled to a proportional value of the property to which he contributed or created; that the house in Winslow was titled in appellee's name alone; that in 1991, the house was in a dilapidated

condition, but appellant restored the value to the property; that appellee began a relationship with another man and ordered appellant from the premises on or about February 28, 1998; that she has failed to reimburse appellant for the monies he entrusted to her during their cohabitation or to reimburse him for services performed in the acquisition of real and personal properties; that appellant is entitled to an equitable division of the properties without regard to the title or that, alternatively, he is entitled to the enforcement of an implied contract as evidenced by their conduct from 1987 through 1998; and that a trust should be imposed to hold those assets to prevent unjust enrichment. The concluding "prayer clause" of the complaint (1) asked that the property acquired by the parties be held in trust, and upon dissolution of that trust, appellant be restored to his fair share, and (2) requested that all the property be divided equally in accordance with the divorce laws of Arkansas.

Appellee filed a 12(b)(6) motion alleging that appellant had failed to state facts upon which relief could be granted and requested that the complaint be dismissed. After a hearing on this motion, the trial judge granted the motion. This appeal resulted, and we affirm.

In determining whether to dismiss a complaint under Rule 12(b)(6), it is improper for the trial court to look beyond the complaint. *Guthrie v. Tyson Foods, Inc.*, 285 Ark. 95, 685 S.W.2d 164 (1985). When we review a trial court's decision on a Rule 12(b)(6) motion, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party seeking relief. *Allred v. Arkansas Dep't of Correction Sch. Dist.*, 322 Ark. 772, 912 S.W.2d 4 (1995). The complaint must state facts and not mere conclusions. Ark. R. Civ. P. 8. Arkansas is a fact-pleading state, and when determining whether a cause of action has been sufficiently pled, we look to the allegations of fact that the plaintiff contends support that cause of action. *Brown v. Tucker*, 330 Ark. 435, 954 S.W.2d 262 (1997). Where the complaint only states conclusions without facts, the appellate court will affirm a trial court's dismissal on a 12(b)(6) motion. *Id.*

We first dispose of appellant's allegation and prayer for relief that all the property that was acquired during the parties' relationship should be divided in accordance with the divorce laws of our state. These parties were never married nor was there ever an allegation that they were. To request relief in accordance with statutory and case law principles concerning divorcing spouses is

inapposite, and no relief could possibly be granted on those grounds such that dismissal on this issue was appropriate.

As to any allegation that an implied or express contract was breached with regard to personalty, or that a constructive trust should be established to hold such personalty, appellant alleged no facts in his complaint upon which to support such a claim. Appellant simply generally stated that he had contributed toward the acquisition of personalty for which appellee would not reimburse him. No specific instances or specific items were mentioned in the complaint, and this defeats this claim. *See Mann v. Orrell*, 322 Ark. 701, 912 S.W.2d 1 (1995). The complaint alleges that he contributed funds to the household to raise each of their children and to pay for their joint living expenses, which would provide no basis for reimbursement. Attempting to state the elements of a cause of action but setting forth virtually no facts that correspond to and support those elements will result in this court affirming a trial court's dismissal on 12(b)(6) grounds. *Id.*

We similarly reject appellant's claim that he was entitled to relief as a result of the breach of an implied or express contract between the parties with regard to the realty in Winslow. Appellant and appellee both cite to us *Mitchell v. Fish*, 97 Ark. 444, 134 S.W. 940 (1911), where our supreme court held that an agreement between unmarried cohabitants who homesteaded a tract of land in the state of Washington, worked hard to improve it, sold the land for a substantial profit, each took a small portion of the funds, and entrusted the remaining profit to one who was to invest it for both of their benefit, was sufficient to entitle each to their respective share of profits. In that case, Mr. Fish left Washington and traveled to Arkansas where he was supposed to invest the profits in another piece of land. Ms. Mitchell stayed in Washington in order to obtain a divorce so that she and Mr. Fish could later marry. Each subsequently married someone else, and when appellant sought to take her share of their profits, appellee repudiated the contract, denying its existence. The supreme court held that the chancellor correctly found that a partnership existed, but went further and held that the partnership was ended when the property was sold and the parties had voluntarily agreed to divide the profits, creating a new and untainted contract. *Id.* at 450.

The supreme court in *Mitchell* noted that the question of whether the partnership agreement at the time it was formed was void as against public policy was not the controlling question. *Id.* at

448. Rather, the question was whether one partner, having concluded the business and received the profits of the partnership and having voluntarily agreed to divide it, is liable to the other. *Id.* at 448. The supreme court answered this question in the affirmative without regard to the validity of the underlying contract. *Id.* at 450. In the appeal before us now, there was no allegation that, when their cohabitation ended, the parties then agreed to divide any assets.

The chancellor's conclusion in this case is further supported by the case of *Karoley v. Reid*, 223 Ark. 737, 269 S.W.2d 322 (1954), wherein the parties lived together, though the woman was married to someone else, they took title to a home in both of their names as husband and wife, they separated, and they executed a written contract after their separation affirming certain monies due to the woman, among them the profits realized in the sale of that house. The supreme court found it specifically unnecessary to choose between conflicting views on the propriety of contracts entered and consideration founded on an illicit relationship. The supreme court noted that past illicit relationships will not otherwise invalidate a contract supported by valuable consideration. The supreme court held that the parties' contract was supported by valuable consideration because they had permanently separated prior to the agreement, the contract was reduced to writing, appellant relinquished rights to her personal property under the contract, and this supported her contractual interest, apart from her interest as a tenant in common in their house. None of these factors, which clearly evidence a contractual arms-length agreement, are alleged concerning appellant herein. Consequently, we conclude that appellant has failed to plead facts that would constitute an oral contract, express or implied, for appellee to convey part of her real property, or the value thereof, to appellant.

We also hold that the chancellor did not err in dismissing appellant's complaint as it pertained to the imposition of a constructive trust. The supreme court has held that a homosexual mate may be in a confidential relationship with his lover and be entitled to a constructive trust with regard to the mate's equitable interest in land owned and titled in the name of his lover. *Bramlett v. Selman*, 268 Ark. 457, 597 S.W.2d 80 (1980). A constructive trust is imposed where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Scollard v. Scollard*, 329 Ark. 83, 947 S.W.2d 345 (1997). We recognize that a constructive trust may be imposed when the elements necessary for

constructive fraud are not present; it is not necessary to show a material misrepresentation of fact to recover under the theory of constructive trust. *Id.; Betts v. Betts*, 326 Ark. 544, 932 S.W.2d 336 (1996). In *Bramlett,* a constructive trust was ordered to be imposed when Mr. Selman undisputedly provided the purchase money for the real property titled in Mr. Bramlett's name. Mr. Selman was married at the time, and he secreted these funds and used them to purchase a residence in Mr. Bramlett's name. There was a confidential relationship between these men, just as there was between appellant and appellee in the case at bar. What is missing in appellant's claim regarding the Winslow house, however, is any allegation of fact that he ever had any interest in the realty that appellee is refusing to convey to him. In fact, he denied having an ownership interest, appellee was undisputedly the sole titled owner, and there was no allegation that he contributed any money toward the purchase of that property, which are hallmarks in the classic case of constructive trusts regarding realty. *See, e.g., Robertson v. Robertson,* 229 Ark. 649, 317 S.W.2d 272 (1958); *McCall v. Frampton,* 415 N.Y.S.2d 752 (Sup. Ct. 1979).

▮ Rippee's complaint was dismissed without prejudice. He had the option to plead further. However, he chose to appeal. Since we have determined that the trial court's dismissal was proper, Rippee's complaint is now dismissed with prejudice. *See Mann v. Orrell, supra; Ratliff v. Moss,* 284 Ark. 16, 678 S.W.2d 369 (1984).

Affirmed.

BIRD and ROAF, JJ., agree.