--------
RAYMOND R. ABRAMSON, Judge *188 R.W. Distributors, Inc. (R.W.), appeals the Pulaski County Circuit Court order denying its motion to set aside a default judgment in favor of Texarkana Tractor Company (Texarkana Tractor). On appeal, R.W. argues that the circuit court erred in entering the default judgment because Texarkana Tractor's complaint does not set forth facts to support a claim under the Arkansas Farm Equipment Retailer Franchise Protection Act (the Act). We affirm.
R.W. is a wholesale distributor of riding lawnmowers, and it supplied Texarkana Tractor with "Exmark mowers" to sell in its stores. On April 26, 2016, Texarkana Tractor filed suit against R.W. Texarkana Tractor's complaint asserted in part as follows:
6. Plaintiff obtained a number of mowers from the Defendant for sale in its facilities in Pulaski County and Polk County, Arkansas within the past 24 months.
7. Plaintiff has not sold the items and has demanded the Defendant take the items back pursuant to A.C.A. § 4-72-304.
8. Defendant has refused to repurchase the goods in question in violation of applicable Arkansas laws.
R.W. did not file a timely answer to the complaint. Texarkana Tractor moved for a default judgment, which the circuit court granted on July 20, 2016. On November 8, 2016, following a hearing, the court entered a judgment awarding Texarkana Tractor $43,319.66 in damages, pre- and postjudgment interest, attorney's fees of $3500, and costs of $500.
On July 18, 2017, R.W. moved to set aside the default judgment and argued that Texarkana Tractor's complaint failed to set forth facts to support a claim under the Act. Specifically, R.W. argued that Texarkana Tractor "failed to allege facts showing that its contract was terminated; that the inventory it wanted to return was new, undamaged, and complete; and that Texarkana Tractor had returned the inventory."[1] R.W. also filed a motion to dismiss Texarkana Tractor's complaint based on the same grounds. Following a hearing on October 4, 2017, the court entered an order denying R.W.'s motion to set aside the judgment and its motion to dismiss. R.W. timely appealed the order to this court. On appeal, R.W. argues that the circuit court erred in denying its motion to set aside the default judgment.
Pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure, the circuit court may, upon motion, set aside a default judgment previously entered for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) the judgment is void;
(3) fraud, misrepresentation, or other misconduct of an adverse party; or
(4) any other reason justifying relief from the operation of the judgment.
*189 Ark. R. Civ. P. 55(c). In cases where an issue arises under sections (c)(1), (3), or (4) of Rule 55, we review the circuit court's granting or denial of a motion to set aside a default judgment for abuse of discretion. Nucor Corp. v. Kilman , 358 Ark. 107, 186 S.W.3d 720 (2004). In cases where the appellant claims that the judgment is void, we will review a circuit court's granting or denial of a motion to set aside a default judgment using a de novo standard. Id. The rendition of a default judgment on a complaint that fails to state facts sufficient to state a cause of action is reversible error. Id.
On appeal, R.W. argues that the circuit court should have granted its motion to set aside the default judgment because Texarkana Tractor's complaint failed to state facts upon which relief could be granted. Specifically, R.W. argues that the facts in the complaint are insufficient to support a claim under the Act because Texarkana Tractor failed to allege that Texarkana Tractor had returned the inventory; that its contract was terminated; and that the inventory it wanted to return was new, undamaged, and complete.
We first address R.W.'s argument that Texarkana Tractor's complaint fails to state a claim under the Act because it did not allege that it returned the inventory. In making this argument, R.W. asserts that Arkansas Code Annotated section 4-72-309 (Repl. 2011) applies and that it requires Texarkana Tractor to have shipped the inventory. Section 4-72-309 states as follows:
If any wholesaler, manufacturer, or distributor fails or refuses to repurchase any inventory covered under the provisions of this subchapter within sixty (60) days after shipment of the inventory, he or she shall be civilly liable for one hundred percent (100%) of the current net price of the inventory, plus any freight charges paid by the retailer, the retailer's attorney's fees, court costs, and interest on the current net price computed at the legal interest rate from the sixty-first day after shipment.
However, Texarkana Tractor did not allege a violation of section 4-72-309 in its complaint. Texarkana Tractor alleged a violation of section 4-72-304, which provides as follows:
(a) The wholesaler, manufacturer, or distributor shall repurchase that inventory previously purchased from him or her and held by the retailer on the date of termination of the contract.
(b) The wholesaler, manufacturer, or distributor shall pay one hundred percent (100%) of the net cost of all new, unsold, undamaged, and complete farm implements, machinery, utility and industrial equipment, and attachments, and one hundred percent (100%) of the current net price of all new, unused, and undamaged repair parts.
(c)(1) The wholesaler, manufacturer, or distributor shall pay the retailer five percent (5%) of the current net price on all new, unused, and undamaged repair parts returned to cover the cost of handling, packing, and loading.
(2) The wholesaler, manufacturer, or distributor shall have the option of performing the handling, packing, and loading in lieu of paying the five percent (5%) for these services.
Ark. Code Ann. § 4-72-304 (a) - (c)(1), (2). Section 4-72-304 does not require the retailer to ship back the inventory. It requires the wholesaler, manufacturer, or distributor to repurchase the inventory on the date of the termination of the contract. Accordingly, because Texarkana Tractor asserted a violation of section 4-72-304, not section 4-72-309, it need not have alleged that it shipped the inventory to *190 R.W. Accordingly, we find no reversible error on this point.[2]
R.W. alternatively argues that Texarkana Tractor's complaint fails to state a claim because Texarkana Tractor did not allege that it had a contract with R.W. and that the contract was terminated. R.W. points out that section 4-72-304 requires the wholesaler to "repurchase that inventory previously purchased from him or her and held by the retailer on the date of termination of the contract." Ark. Code Ann. § 4-72-304.
A pleading must contain, inter alia , a statement of facts, in ordinary and concise language, showing that the pleader is entitled to relief. Ark. R. Civ. P. 8(a). A pleading is deficient if it fails to set forth facts pertaining to an essential element of the cause of action. Wiseman v. Batchelor , 315 Ark. 85, 864 S.W.2d 248 (1993). Arkansas is a state that requires fact pleading, and a pleading which sets forth mere conclusions is not sufficient under the Arkansas Rules of Civil Procedure. Mann v. Orrell , 322 Ark. 701, 912 S.W.2d 1 (1995). Nevertheless, pleadings are to be liberally construed and are sufficient if they advise a party of its obligations and allege a breach of them. Thomas v. Pierce , 87 Ark. App. 26, 184 S.W.3d 489 (2004).
Affirmed.
R.W. also asserted that the default judgment was void because the summons did not contain the signature of the clerk and was not under the seal of the court. However, R.W. appears to have abandoned that argument on appeal.
We note that R.W. did not challenge the damages award for the violation of section 4-72-304.