PHILLIP T. WHITEAKER, Judge
This appeal involves a family dispute over the administration of the William E. Smith, Jr., Trust.[1] Donna Reed, the appellant, filed suit against her siblings-William *409 E. Smith III[2] and Diana Sharp-and her mother, Jacquelin Smith, alleging that they violated the terms set forth in her father's trust agreement and misappropriated the assets of the Trust.[3] Donna requested relief in the form of a declaratory judgment, as well as compensatory and punitive damages for their alleged actions. The Garland County Circuit Court subsequently dismissed her amended complaint with prejudice under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure for failing to state facts upon which relief could be granted and denied her motion to reopen the record. The court also ordered her to pay attorney's fees. We affirm the trial court's dismissal as modified and affirm the award of attorney's fees.
The following background information is provided to understand the issues on appeal. William Jr. was married to Jacquelin. They are the parents of Donna, William III, and Diana. In September 1996, William Jr. and Jacquelin executed separate and complementary trust documents that established the William E. Smith, Jr., and Jacquelin R. Smith Trusts. They funded the trusts with a home located in Hot Springs, Arkansas, with each trust obtaining an undivided one-half interest in the property.
William Jr. died on March 10, 2008. On December 5, 2016, Donna filed the lawsuit at issue here. She alleged that William III, Diana, and Jacquelin fraudulently entered into a real estate contract to sell the Trust's one-half interest in the home located in Hot Springs. Donna claimed that upon William Jr.'s death, she and William III became successor trustees and that Jacquelin had no authority to enter into a contract for the sale of the real estate. She further alleged that William III and Diana had falsely signed the contract as trustees of a nonexistent "Smith Family Trust" in an attempt to gain control over the property and that Jacquelin, William III, and Diana were acting in concert to use funds from a promissory note due to the Trust for their personal benefit. Donna attached a copy of the Trust as a document to her original complaint. The appellees moved to dismiss the complaint under Arkansas Rule of Civil Procedure 12(b)(6), alleging that Donna's complaint stated only conclusions and had failed to state facts upon which relief could be granted.
On January 30, 2017, Donna filed an amended complaint and request for declaratory judgment, making essentially the same allegations as before. Her amended complaint did not incorporate by reference the original complaint.[4] She attached a copy of the Trust as an exhibit to her amended complaint as well. The appellees again moved to dismiss under Rule 12(b)(6), arguing that Donna had once again failed to allege facts sufficient to support her claims for relief. After reviewing the pleadings and hearing the arguments *410 of counsel, the trial court dismissed Donna's amended complaint with prejudice under Rule 12(b)(6) for failing to state facts upon which relief could be granted. The court also granted the appellees' request for attorney's fees under Arkansas Code Annotated section 16-22-308 (Repl. 1999).
Donna first argues that the trial court erred in dismissing her complaint under Rule 12(b)(6). Before addressing her arguments, we note that the parties argue this appeal under both a Rule 12(b)(6) and a Rule 56(c) analysis because extraneous documents, including an affidavit and negotiated checks, were attached to the amended complaint and the motions to dismiss. We are unable to ascertain to what extent, if any, the court considered the affidavit and negotiated checks in reaching its decision to dismiss the complaint under Rule 12(b)(6). We also note that at the hearing on the motion to dismiss, the appellees abandoned their request for the court to consider anything beyond the complaint in making its determination. For these reasons, we will conduct our analysis under Rule 12(b)(6) and consider only the amended complaint and those documents required under Rule 10(d), such as the Trust, that are properly attached thereto.[5] See O'Dell v. Peck , 2017 Ark. App. 532, 2017 WL 4663919.
In reviewing a trial court's order of dismissal, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. Smith v. May , 2013 Ark. 248, 2013 WL 2460187. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. Id. Rule 8(a)(1) of the Arkansas Rules of Civil Procedure requires fact pleading, not mere conclusions, in order to entitle the pleader to relief. Id. Only facts alleged in the complaint are treated as true, not the plaintiff's theories, speculation, or statutory interpretation. Id. When reviewing a dismissal for failure to state a claim under Rule 12(b)(6), our standard of review is whether the trial court abused its discretion in dismissing the complaint. Id. To have abused its discretion, the trial court must have not only made an error in its decision, but also must have acted improvidently, thoughtlessly, or without due consideration. Scott v. Scott , 2016 Ark. App. 390, 499 S.W.3d 653.
The amended complaint in this case properly attached the Trust as a document as required under Rule 10(d) of the Arkansas Rules of Civil Procedure. From the contents of the Trust, we accept the following factual allegations as true:
The trust agreement designated William Jr. and Jacquelin as cotrustees of the Trust with Jacquelin becoming sole trustee in the event of William Jr.'s death, resignation, or incompetency. William III and Donna were designated only as alternate successor trustees.
Upon the death of William Jr., the Trust would become irrevocable and the principal would be divided into two separate trusts, identified as the Smith Family "A" Trust and the Smith Family "B" Trust.
The "A" Trust would be funded first and was designed to take full advantage of marital deductions allowable under the estate tax provisions of the Internal Revenue Code. Jacquelin was the sole beneficiary of the "A" Trust with the right to dispose of its assets in her lifetime or by will.
*411 The remaining assets of the original trust after the funding of the "A" Trust, if any, would pass into the "B" Trust.[6] The "B" Trust included a section providing the income of the trust to Jacquelin for her life and, upon her death, the assets would be distributed in accordance with the Trust, including a portion being transferred to the Donna Martha Reed Trust, of which Donna was the designated beneficiary. The provisions of the "B" Trust limited Jacquelin's ability as trustee to make principal distributions under that trust; those rights vested instead in the successor trustees-William III and Donna. The intent and role of the successor trustees is to protect the principal assets in the "B" Trust from misuse and to protect the assets for the children.
The amended complaint in this case also made the following factual allegations that we accept as true:
Donna spoke to her father, William Jr., before he set up the Trust. He informed her that he was setting up two trusts-one in his name and one in her mother's name-in case her mother remarried or something happened to her money or assets. He indicated to her that half their home and assets would be protected in his Trust, and her mother would have a place to live for the rest of her life. He also intended to leave some of his wealth equally to his children. It was her father's wish that the Trust would become irrevocable on his death.
The principal asset of the Trust was the home located in Hot Springs, Arkansas. William III, Diana, and Jacquelin sold the home and placed the funds in Jacquelin's personal checking account, to which William III and Diana also had access. William III and Diana signed the real estate contract as trustees of the "Smith Family" Trust. Jacquelin signed the real estate contract, claiming to have the authority to sell the property on behalf of the Trust.
The William E. Smith, Jr., and Jacquelin R. Smith Trusts were the payees of a $587,105.88 promissory note. Jacquelin failed to place the monthly payments on the note in the Trust and, instead, placed the payments in her personal checking account for her own use.
These facts as alleged in the amended complaint do not state facts upon which relief can be granted. All of Donna's causes of action arise out of the administration of the "B" Trust and presuppose that the "B" Trust was funded or should have been funded upon William Jr.'s death. Her amended complaint, however, fails to present any facts to support such a conclusion. As stated above, the original trust specified that the "A" Trust would be funded first and was designed to take advantage of marital deductions allowable under the estate tax provisions of the Internal Revenue Code. The "B" Trust was to be funded if, and only if, there were assets remaining after the funding of the "A" Trust. Donna's amended complaint does not address the value of the Trust on the date of William Jr.'s death, nor does it provide the applicable estate tax exemption available at that time. As such, the amended complaint did not sufficiently allege whether there was, or would have been, any residual value remaining after the funding of the "A" Trust with which to fund the "B" Trust. In short, the amended complaint does not provide sufficient facts upon which to ascertain the existence of the "B" Trust on which her underlying causes of action rely.
Because her amended complaint failed to state facts upon which relief could *412 be granted, we affirm the trial court's dismissal of her amended complaint. However, the trial court erred in dismissing the amended complaint with prejudice. It is established law that when a complaint is dismissed under Rule 12(b)(6) for failure to state facts upon which relief can be granted, the dismissal should be without prejudice. Ballard Group, Inc. v. BP Lubricants USA, Inc. , 2014 Ark. 276, 436 S.W.3d 445 ; Ark. Dep't of Envtl. Quality v. Brighton Corp. , 352 Ark. 396, 102 S.W.3d 458 (2003). Accordingly, we modify the dismissal to be without prejudice.
The trial court in this case awarded attorney's fees to the appellees pursuant to Arkansas Code Annotated section 16-22-308, which allows the award of fees to a prevailing party in a civil action to recover on a breach of contract. Donna argues this was error. We affirm for a different reason than that stated by the trial court. The Arkansas Trust Code provides that "[in] a judicial proceeding involving the administration of a trust, a court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Ark. Code Ann. § 28-73-1004 (Repl. 2012).The case at bar was a judicial proceeding that involved the administration of a trust. Therefore, the Arkansas Trust Code supports the award of attorney's fees to appellees. See Calvert v. Estate of Calvert , 99 Ark. App. 286, 290, 259 S.W.3d 456, 459-60 (2007).
Therefore, we affirm the decision of the trial court as modified.
Affirmed as modified.
Hixson and Murphy, JJ., agree.

The trust will be referred to as either the William E. Smith, Jr., Trust or the Trust in this opinion.

To avoid confusion, the father will be identified as "William Jr." and the son will be identified as "William III" throughout.

Donna brought suit in several capacities-Personally; as Successor Trustee of the William E. Smith, Jr., Trust; and as Beneficiary of the William E. Smith Jr. and the Jacquelin R. Smith Trusts. Her suit was likewise against the Appellees in several capacities. She sued Jacquelin both personally and as Trustee of the William E. Smith, Jr., and Jacquelin R. Smith Trusts. She sued William III personally and as Successor Trustee and Beneficiary of the William E. Smith, Jr., and Jacquelin R. Smith Trusts. She sued Diana personally, as Beneficiary of the William E. Smith, Jr., Trust, and as Successor Trustee and Beneficiary of the Jacquelin R. Smith Trust.

Because Donna's amended complaint did not adopt or incorporate the original complaint, the amended complaint supersedes the original complaint. Peck v. Peck , 2016 Ark. App. 423, 502 S.W.3d 553.

Because we consider this appeal under the Rule 12(b)(6), rather than Rule 56(c), and base our decision on the pleadings alone, we need not reach Donna's argument regarding whether she should have been allowed the opportunity to reopen the record prior to dismissal.

In the event that Jacquelin predeceased William Jr., all the assets of the original trust were to be distributed to the "B" Trust.