Cite as 2020 Ark. App. 299

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-619

| | | |
|---|---|---|
| LINDA MICKLES | APPELLANT | **OPINION DELIVERED:** MAY 13, 2020 |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CV-18-3484] |
| V. | | |
| DEBORAH MILAM | APPELLEE | HONORABLE WENDELL L. GRIFFEN, JUDGE |
| | | AFFIRMED |

## ROBERT J. GLADWIN, Judge

The Pulaski County Circuit Court dismissed appellant Linda Mickles's complaint, in which she alleged that appellee Deborah Milam had tortiously interfered with her inheritance expectancy. On appeal, Linda argues that the circuit court abused its discretion. We affirm.

## I. *Facts*

Linda filed a complaint on May 25, 2018, claiming that Deborah had tortiously interfered with her expectancy to inherit a "transfer on death" ("TOD") account from decedent Gary Alvin Stiles, Linda's friend and neighbor. Stiles had named Linda as the TOD beneficiary of a Morgan Stanley investment account (number ending with 5538). Linda claimed that Deborah, "presumably as Mr. Stiles's Durable Power of Attorney," directed the account's monthly statements to her home in Kansas City, Missouri, and that one month prior to Stiles's death on December 14, 2016, Deborah opened a second Morgan Stanley

account (number ending with 7482). Account 7482 was owned jointly by Stiles and Deborah, and Deborah had the right of survivorship. On November 23, 2016, Deborah transferred 3,590 shares of seven securities, valued at $78,169.40, from the TOD account into account 7482. Linda alleged that Deborah maliciously acted with intent to injure her by tortiously interfering with her expectancy to inherit the TOD account "in an amount consistent with [Stiles's] wishes." She asserted that Deborah breached her fiduciary duty to Stiles by self-dealing—depleting the TOD account to her own benefit—resulting in financial harm and tortious interference with Linda's expectancy to inherit. Linda claimed damages in the amount that she had expected to inherit, but she did not specify an amount.[1]

On August 17, 2018, Deborah filed a motion to dismiss based on Arkansas Rule of Civil Procedure 12(b)(6) (2019), alleging that Linda had failed to state a claim upon which relief could be granted. Deborah argued that, taken as true, Linda's complaint demonstrates that as the TOD beneficiary of the account, she is entitled to $4,379.95 under the TOD agreement. Deborah claimed that she did nothing improper by moving the assets as Stiles's power of attorney. She argued that the terms of the TOD agreement demonstrate that

---

[1]Attached to the complaint are exhibits A–G as follows: (A) TOD "Agreement and Beneficiary Designation Form"; (B) Morgan Stanley TOD account statement of February 2016 that reflects a total value of $133,834.01; (C) Stiles's "Durable Power of Attorney" that appoints Deborah as his agent, filed March 4, 1999; (D) portion of supplemental response to interrogatories (case not specified but identified in argument as probate matter of decedent Stiles) verified by Deborah; (E) page 7 of an eight–page November 2016 client statement for a Morgan Stanley account that depicts transfers into account 7842 on November 23; (F) pages 2–3 of a pleading (case not specified but identified as decedent Stiles's probate matter) that states Deborah is Stiles's sister and lists Stiles's property at the time of his death; and (G) Morgan Stanley TOD account statement for November 2016 that reflects a total value of $4,679.48.

Linda had no cognizable cause of action and that she was entitled to attorney's fees. *See* Ark. Code Ann. § 16-22-309 (Repl. 1999) (attorney's fees awarded when there is no justiciable issue in a civil action).

Deborah's incorporated brief expounds on the points in her dismissal motion. She recited the elements that must be established in a claim for tortious interference with a business expectancy: (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Stewart Title Guar. Co. v. Am. Abstract & Title Co.*, 363 Ark. 530, 540, 215 S.W.3d 596, 601. For an interference to be actionable, it must be improper. *Id*.

Deborah argued that Linda had no business expectancy in any particular amount of money. She argued that the TOD agreement provisions are all that Linda could expect, *see Windsong Enters., Inc. v. Upton*, 366 Ark. 23, 233 S.W.3d 145 (2006), and the assets of the TOD account are defined in the TOD agreement as those assets "which are eligible for distribution upon the Death of the Account Owner in accordance with this Agreement." The agreement further states, "Any assets transferred out of the TOD Account prior to the death of the last surviving Account Owner shall not pass to the Beneficiary pursuant to this Agreement." Accordingly, Deborah argued that Linda's complaint did not assert a cognizable claim for tortious interference of a business expectancy because her expectancy

hinges on all operable provisions of the contract giving rise to her beneficiary interest. *See Windsong*, *supra*.

Deborah also argued that Linda failed to allege any improper act on Deborah's part. The durable power of attorney attached to the complaint reflects that Deborah, as agent, is authorized to sell, invest, or reinvest Stiles's property. Deborah is authorized to exercise all rights, including withdrawal rights, with respect to all accounts owned by Stiles. Thus, Deborah claimed that Linda's own allegations demonstrate that Deborah's actions with regard to the TOD account were authorized and proper and that no relief could be granted.

Linda responded and set forth the elements of the tort of interference with an expected inheritance by citing an unpublished opinion, *Fenton v. Pearson*, CA-03-1122 (Sept. 22, 2004)[2] (citing *Geduldig v. Posner*, 743 A.2d 247 (Md. Ct. Spec. App. 1999)); Restatement (Second) of Torts § 774B (1979): (1) existence of expectancy to inherit; (2) reasonable certainty that the expectancy would have been realized but for the interference; (3) intentional interference with the expectancy; (4) tortious conduct involved with the interference, such as fraud, duress, or undue influence; and (5) damages). She claimed that Arkansas has not decided whether to recognize the tort and that in *Jackson v. Kelly*, 345 Ark. 151, 44 S.W.3d 328 (2001), our supreme court did not recognize it because a remedy was available in probate court through a will contest. She claimed that no such adequate remedy is available to her because she lacks the requisite standing in the probate matter. She cited

---

[2]Linda cited and discussed an unpublished opinion in violation of Arkansas Supreme Court Rule 5–2(c) (2019), which provides that such opinions shall not be cited, quoted, or referred to in any argument.

4

the Pulaski County Circuit Court's order, which found that she had no standing in the Stiles probate matter to petition for appointment as general administrator and no standing to object to Deborah's appointment.[3]

On March 7, 2019, the circuit court granted Deborah's motion and dismissed Linda's complaint, finding that Arkansas law does not recognize intentional interference with inheritance or gift as a tort or cause of action and declining to adopt the action as a new tort. The circuit court analyzed Linda's complaint as one for tortious interference with a business expectancy and concluded:

> After careful consideration, the Court finds that the facts alleged in the Complaint accepted as true demonstrate that (1) it is undisputed that [Deborah] had Durable Power of Attorney over the account holder Mr. Gary Stiles (deceased); (2) [Linda] had a valid business expectancy in the Account Assets eligible for distribution at Mr. Stiles' death totaling $4,379.95; and (3) [Deborah] has no legal obligation under the TOD Agreement. The Court finds [Linda's] argument for a change or extension of Arkansas law unpersuasive. There are no allegations of undue influence, duress, or lack of capacity of Stiles in entering the Durable Power of Attorney. Absent those claims, [Linda] has failed to state a claim upon which relief can be granted.

Linda filed a motion for reconsideration on March 15. She asked that the circuit court acknowledge that "while some states have recognized the tort and others have rejected it, Arkansas has yet to decide the issue." Citing *Fenton*, *supra*, an unpublished opinion, she urged that a correct analysis would apply the elements of the tort of interference with an expected inheritance rather than interference with a business expectancy. She claimed that the *Fenton* court did not reject the tort; instead, it did not reach the issue because the

---

[3]Attached as an exhibit to Linda's brief in support of her response to the motion to dismiss is the March 1, 2018 order appointing Deborah as administrator of Stiles's estate, dismissing Linda's petition for appointment of administratrix, and extinguishing Linda's special administration in *In the Matter of the Estate of Gary Alvin Stiles, Deceased*, Pulaski County Circuit Court, Third Division, Probate, Case No. 60PR–17-25.

appellant could not prove beyond conjecture that an essential element—a tortious act—had been committed by the appellee to interfere with the expected inheritance. She claimed that while it was accurate that she had not alleged wrongdoing in regard to the durable power of attorney, she had alleged that Deborah committed the tort of breaching her fiduciary duty by self-dealing, which she argued satisfied the element of a tortious act.

The circuit court denied the motion for reconsideration, and Linda appealed.

## II.  *Standard of Review*

When we review a circuit court's dismissal order, we treat the facts alleged in the complaint as true, viewed in the light most favorable to the plaintiff.  *Reed v. Smith*, 2018 Ark. App. 313, at 4, 551 S.W.3d 407, 410.

> In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id*. Rule 8(a)(1) of the Arkansas Rules of Civil Procedure requires fact pleading, not mere conclusions, in order to entitle the pleader to relief. *Id*. Only facts alleged in the complaint are treated as true, not the plaintiff's theories, speculation, or statutory interpretation. *Id*. When reviewing a dismissal for failure to state a claim under Rule 12(b)(6), our standard of review is whether the trial court abused its discretion in dismissing the complaint. *Id*. To have abused its discretion, the trial court must have not only made an error in its decision, but also must have acted improvidently, thoughtlessly, or without due consideration. *Scott v. Scott*, 2016 Ark. App. 390, 499 S.W.3d 653.

*Id*.

## III.  *Discussion*

Linda argues that the circuit court abused its discretion by granting Deborah's motion to dismiss.  She relies on *Jackson*, *supra*, and contends that a reasonable conclusion from that case is that Arkansas will not recognize the tort of tortious interference with an inheritance or gift expectancy under circumstances in which a will contest provides an adequate remedy.

6

She argues that no such adequate remedy is available to her because she lacks standing in the Stiles probate matter.

She claims that the facts recited in her complaint satisfy the elements of the tort of intentional interference with inheritance or gift expectancy in that (1) she expected to inherit; (2) but for Deborah's transfer of funds, the expectancy would have been realized; (3) Deborah had knowledge of the account and orchestrated the transfer; (4) as attorney-in-fact, Deborah's conduct was tortious when she breached her fiduciary duty through self-dealing; and (5) Linda suffered a financial loss as a result. She argues that every wrong should have a remedy and contends that she has been wronged by Deborah's actions but that no remedy is available without the recognition of tortious interference with an inheritance or gift expectancy as a cause of action.

We hold that the circuit court did not abuse its discretion when it dismissed Linda's complaint. The Arkansas Supreme Court has expressly declined to recognize tortious interference with an inheritance expectancy. *See Jackson*, *supra*. We need not reach Linda's argument that no other adequate remedy at law is available to her because her complaint fails to plead facts sufficient to make such a claim.

A pleading is deficient if it fails to set forth facts pertaining to an essential element of the cause of action. *R.W. Distribs., Inc. v. Texarkana Tractor Co.*, 2018 Ark. App. 345, at 5, 553 S.W.3d 187, 190; Ark. R. Civ. P. 8(a). As an element of tortious interference with inheritance expectancy, a plaintiff must prove that the defendant "by fraud, duress or other tortious means intentionally prevent[ed] [the plaintiff] from receiving from a third person an inheritance or gift that [s]he would otherwise have received" but for the tortious

7

interference. Restatement (Second) of Torts § 774B. The alleged facts must be sufficient to prove, among other things, that the plaintiff expected to receive the inheritance or gift "to a reasonable degree of certainty" but for the alleged interference. Restatement (Second) of Torts § 774B notes.

Linda's complaint alleges that she reasonably expected to receive a TOD account ending in 5538. The complaint fails to allege that Deborah interfered with her receipt of that account. Deborah acknowledged that Linda was entitled to the account, and the circuit court agreed that Linda had a valid expectancy in the account. Linda alleged neither interference with, nor damages relating to, her receipt of the account. Nonetheless, Linda claims that she is entitled to damages because at one time the account contained over $80,000 in assets. To claim tortious interference, Linda must have alleged that she reasonably expected to obtain not just the account but a sum certain in the account upon the death of Stiles. Her complaint does not allege facts sufficient to show that she ever expected the TOD account to contain over $80,000. In fact, according to the allegations in the complaint, Linda did not receive financial statements for the account because they were mailed to Deborah, and she had no reasonable expectation of any sum certain in the TOD account.

The documents attached to the complaint, including the durable power of attorney, established that Deborah was authorized to establish accounts of all kinds, make deposits or withdrawals, and transfer assets prior to Stiles's death. The TOD agreement prohibited Linda from receiving any assets that Stiles or Deborah transferred out of the TOD account, and Linda was entitled to only the assets of the TOD eligible for distribution upon Stiles's

8

death. Thus, Linda was aware that she was designated beneficiary of a TOD account with absolutely no rights or interest in the account until Stiles's death. *See Ginsburg v. Ginsburg*, 359 Ark. 226, 195 S.W.3d 898 (2004) (*Ginsburg II*) (holding that the designation of a TOD beneficiary on a registration in beneficiary form has no effect on ownership until the owner's death; thus, a registration of a security in beneficiary form may be canceled or changed at any time by the owner without the consent of the beneficiary).

Linda replies, arguing that each element of tortious interference with her inheritance expectancy was established by the allegations in her complaint. First, she argues that she had an expectancy to inherit the TOD account and that Deborah failed to cite any legal authority that the exact amount of the gift is required to be known or expected. Second, Linda contends that she had a reasonable certainty that the expectancy would have been realized but for Deborah's interference. Third, she claims that Deborah intentionally interfered with the expectancy. She argues that Deborah's contention that she did not interfere with Linda's receipt of the gift is without merit because the gift was not merely the account. She claims that the gift was the contents of the account in an amount intended by Stiles, not a diminished amount. Fourth, she argues that Deborah's self-dealing conduct amounts to "fraud, duress, or undue influence" as set forth in section 774B of the Restatement (Second) of Torts. Fifth, she claims that she was damaged by receiving less than Stiles intended because Deborah transferred $78,169.40 from the TOD account into one that she jointly owned.

Regardless of these arguments, the complaint and supporting documents do not establish that she had an expectancy to anything other than that amount contained in the

9

TOD account at the time of Stiles's death.  Accordingly, the circuit court's order dismissing Linda's complaint for failure to state facts upon which relief could be granted was not an abuse of discretion.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Wallace, Martin, Duke & Russell, PLLC*, by: *Andrew J. Russell III* and *H.C. "Jay" Martin*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor, Tasha C. Taylor*, and *Tory H. Lewis*, for appellee.