Cite as 2024 Ark. App. 319

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-23-123

| | |
|---|---|
| MATTHEW WEBSTER<br><br>APPELLANT<br><br>V.<br><br>ANDREA WEBSTER<br><br>APPELLEE | Opinion Delivered May 15, 2024<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-22-1100]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

Matthew Webster appeals from an order of the Garland County Circuit Court that granted the motion to dismiss filed by appellee Andrea Webster. On appeal, Matthew argues that the circuit court erred in granting Andrea's motion to dismiss; in addition, he contends that the circuit court should have granted his motion for default judgment. We affirm.

Matthew and Andrea were married in March 2016 and separated in December 2020. That same month, Andrea filed a petition for protective order in the Garland County Circuit Court. She also filed a complaint for divorce in Garland County in January 2021. The two cases were consolidated and eventually voluntarily dismissed. During the pendency of the divorce action, both parties apparently moved to Texas, where Andrea still lives.

Andrea subsequently sought a protective order from the courts in Fannin County, Texas, alleging extreme abuse at Matthew's hands. The Fannin County District Court

granted a final protective order on the basis of its findings that family violence had occurred and was likely to occur in the future; that Matthew had committed family violence; and that the protective order was necessary for the prevention of family violence.

On October 14, 2022, Matthew filed a complaint in Garland County, raising claims of false-light invasion of privacy and defamation. Andrea was served with the complaint on October 20. On December 5, Andrea, acting pro se, filed a "response to complaint and motion to dismiss." In her motion to dismiss, she disputed many of Matthew's factual assertions. In addition, she asserted that Garland County, Arkansas, was not the correct jurisdiction for the case and that the complaint was "a frivolous matter as [she] has been issued a permanent protective order on October 18, 2022." Andrea attached a copy of the Texas protective order, which incorporated that court's findings that domestic abuse had occurred, to her answer and motion.

On December 15, Matthew filed a motion for default judgment. In it, he noted that Andrea had been served with the complaint on October 20 but did not file her answer until December 5. In addition, on December 16, Matthew filed a response to Andrea's motion to dismiss. He argued that Garland County was, in fact, the proper jurisdiction to hear the case because he was a resident of Garland County and because Andrea "consented to this jurisdiction through her significant and deliberate contacts/connections to Garland County." He also asserted that his complaint was not frivolous and that his complaint contained facts, if taken as true, would establish a "genuine issue of material fact" for the court to adjudicate.

On January 3, 2023, without holding a hearing, the circuit court entered a short order granting Andrea's motion to dismiss. In its entirety, the order read: "On this date the Court has reviewed and considered the Defendant's Motion to Dismiss. Based upon review of the motion and court file, the Court FINDS the motion should be and hereby is granted." Matthew timely appealed.

When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Id.* at 441, 206 S.W.3d at 840. Our rules, however, require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d 445, 449 (citing Ark. R. Civ. P. 8(a) (2013)); *Kennedy v. Ark. Parole Bd.*, 2017 Ark. 234, at 3–4. Moreover, we treat only the facts alleged in the complaint as true but not a plaintiff's theories or speculation. *Brown v. Towell*, 2021 Ark. 60, at 6, 619 S.W.3d 17, 20. The standard of review for the grant of a motion to dismiss is whether the circuit court abused its discretion. *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377.

In his first point on appeal, Matthew argues that there was no basis for granting Andrea's motion to dismiss. Although the basis for the court's decision is unclear from the face of the order, Matthew asserts that regardless of whether it was based on Andrea's argument regarding jurisdiction or her argument that his complaint was frivolous, the court

nonetheless erred in granting the motion. We disagree with Matthew and hold that the court did not abuse its discretion in dismissing his complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(6).

Matthew's complaint raised two claims: what he termed "false light"[1] and defamation. On appeal, Matthew makes the following argument regarding his claims for false-light invasion of privacy and defamation:

> When taken as true, as must be done, the allegations of Mr. Webster's complaint are more than sufficient to meet [Arkansas's] pleading requirements for invasion of privacy/false light and defamation [as] causes of action. While Mrs. Webster may deny the statements were false, that creates an issue of fact for the trier of fact, not a pleading defect such as would give rise to dismissal pursuant to Ark. R. Civ. P. 12(b)(6).

He does not develop his argument beyond this paragraph.

A false-light invasion-of-privacy claim has two essential elements: the complaining party must show (1) that the false light in which he was placed by the publicity would be highly offensive to a reasonable person and (2) that the defendant had knowledge of, or acted in reckless disregard as to the falsity of, the publicized matter and the false light in which the plaintiff would be placed. *Foster v. Simmons Bank*, 2023 Ark. App. 527, 680 S.W.3d 42. The

---

[1]Matthew spends over a page of his brief discussing the tort of "public disclosure of private facts." Public disclosure of private facts is publicity of a highly objectionable kind, given to private information about the plaintiff, even though it is true, and no action would lie for defamation. *McMullen v. McHughes Law Firm*, 2015 Ark. 15, 454 S.W.3d 200. Public disclosure of private facts, however, is distinct from false light invasion of privacy, and Matthew did not plead the former as a cause of action in his complaint. Accordingly, we do not address it herein.

evidence must support the conclusion that the publisher had serious doubts about the truth of his publication. *Duggar v. City of Springdale*, 2020 Ark. App. 220, 599 S.W.3d 672.

In *Sawada v. Walmart Stores*, 2015 Ark. App. 549, 473 S.W.3d 60, this court affirmed a circuit court's rejection of the plaintiff's false-light claim when she failed to "explain how her privacy interests were invaded to such a degree that the law should recognize a legal wrong." We further noted that she had not "clearly expressed or developed an argument supporting reversal of her false-light claim." *Id.* at 14, 473 S.W.3d at 69. Matthew does not explain, in either his complaint or in his brief on appeal, how the statements allegedly made by Andrea invaded his privacy. Given the paucity of Matthew's argument, we affirm for the reasons expressed in *Sawada*, *supra*.

Turning to Matthew's defamation claim, such a claim requires proof of the following elements: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 444, 47 S.W.3d 866, 875 (2001).

The circuit court did not err in dismissing Matthew's defamation claim. According to Matthew's complaint, the allegedly defamatory statements were made in the context of Andrea's petition for protective order. Such statements, however, are privileged. The Restatement (Second) of Torts § 587 provides that "[a] party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course

and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." *See also Routh Wrecker Serv., Inc. v. Washington*, 335 Ark. 232, 980 S.W.2d 240 (1998) (acknowledging privilege for witness's testimony in private litigation); *Mauney v. Millar*, 142 Ark. 500, 503, 219 S.W. 1032, 1033 (1920) (affirming trial court's decision to sustain demurrer in libel action and holding that "pertinent and relevant statements in pleadings are absolutely privileged"). Because Andrea's statements in her court pleadings were privileged, Matthew's defamation claim must fail.

We would also note that Matthew failed to plead specific facts demonstrating that he suffered actual damage to his reputation. In *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 69 S.W.3d 393 (2002), the supreme court affirmed the circuit court's dismissal of a defamation action when the plaintiff's complaint only generally alleged that another party had made harmful statements about her. The court held that the plaintiff did not plead "specific facts demonstrating that she has suffered actual damage to her reputation, but has *only pled a conclusion to that effect*." 347 Ark. at 957, 69 S.W.3d at 403 (emphasis added). The court noted that actual damage is an element of defamation, and Arkansas no longer recognizes the doctrine of defamation per se, which, under the common law, presumed damages to reputation. *Id.*; *see also Robertson v. Daniel*, 2013 Ark. App. 160. In the Rule 12(b)(6) context, we treat only the facts alleged in the complaint as true but not a plaintiff's theories or speculation. *Brown, supra.* The complaint provided no specific facts about the purported damage to Matthew's reputation; he simply states in conclusory language that he

6

has been damaged. Because Matthew's complaint offers only speculation about his damages, we hold that the circuit court did not err in granting Andrea's motion to dismiss.

In his second point on appeal, Matthew argues that the circuit court should have granted his motion for default judgment because Andrea's answer was untimely filed fourteen days after she was served with his complaint. Although Matthew specifically moved for a default judgment, the circuit court did not rule on his motion. *See Sims v. Payne*, 2023 Ark. 187, at 4–5, 678 S.W.3d 766, 770 (although appellant filed a motion for default judgment, the circuit court did not rule on it; because appellant "failed to obtain a ruling addressing his motion for default judgment, . . . the issue is waived on appeal."). Because we lack a ruling on Matthew's motion for default judgment, we do not address it.

Affirmed.

BARRETT and BROWN, JJ., agree.

*Bailey Ellis Farner*, for appellant.

*Andrea Webster*, pro se appellee.