Cite as 2024 Ark. App. 427

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-22-429

| | |
|---|---|
| TONY DALE WAGONER<br><br>APPELLANT<br><br>V.<br><br><br>PATRICIA ANN WAGONER; GINGER LEA TREECE; CLARENCE GUINN, CPA; TERRY ANN DEANS; BILL WATKINS; RALPH WILLIAMS; AND CRAIG CAMPBELL<br><br>APPELLEES | Opinion Delivered September 18, 2024<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-21-2479]<br><br>HONORABLE THOMAS E. SMITH, JUDGE<br><br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Tony Dale Wagoner filed a pro se complaint for injunction and declaratory relief against his mother, Patricia Ann Wagoner; his siblings and co-trustees, Ginger Lea Treece and Terry Ann Deans; co-trustee Clarence Guinn, CPA; and attorneys Bill Watkins, Ralph Williams, and Craig Campbell based on alleged breaches of the Wagoner Family Trust (Trust).[1] Appellant claimed that upon his father's death, he became a co-trustee of the Wagoner Family Trust, and his consent was required for any transfers or sales of Trust property. Appellant alleged that the appellees had breached the Trust by "appearing to have

---

[1]Williams passed away during the pendency of the proceedings below, and the case was then defended by his estate. Williams and his estate are collectively referred to as Williams.

fraudulently received, concealed, embezzled, or conveyed away, certain money, goods, effects, or other estate, real or personal." Each of the appellees filed separate motions to dismiss. At the motions hearing, the circuit court heard arguments from appellant and counsel for each of the appellees. The circuit court granted each appellee's motion to dismiss, and it is from this order appellant institutes the present appeal. We affirm.

I. *Factual Background*

In his complaint, appellant contended that in 2021, he became aware of a rezoning request filed by Treece concerning property that he believed to be Trust property, and he claimed that this led him to discover other prior transfers of Trust property. Appellant asserted that Patricia had misrepresented herself as the sole trustee and made multiple transfers of Trust property in breach of the Trust, which required that all such transfers be unanimously agreed on by all the co-trustees. Appellant claimed that all such transfers in violation of the Trust were void. Appellant further alleged that Patricia had breached the Trust and committed fraud upon the court in 2007 by filing a petition to amend the Trust, which had become irrevocable upon his father's death. Appellant also claimed that Patricia had committed perjury in Kansas by identifying herself as the "remaining trustee" in relation to her petition to admit his father's will to probate.

Appellant alleged that Williams had caused potential injury to the Trust and its beneficiaries by writing a 2011 legal opinion that Patricia had no authority to execute deeds as sole trustee of the Trust but advising appellant against filing an action against her. Appellant also alleged that in 2005, Williams had prepared and notarized two deeds

2

transferring property out of the Trust without payment despite later opining that there was no provision in the Trust for "gifts." Appellant alleged that Watkins prepared numerous deeds for Patricia, and as an attorney for the Trust, he knew or should have known that any transfers required the unanimous agreement of all co-trustees. Appellant also alleged that Watkins had represented Treece in a no-contact proceeding against him, and such dual representation was a significant conflict of interest. Finally, appellant alleged that Patricia had granted a durable power of attorney to Treece in 2005, and this raised questions regarding Patricia's competency to act in the position of co-trustee. Appellant's complaint did not assert any factual allegations against Guinn, Deans, or Campbell.

Each of the appellees moved to dismiss pursuant to Arkansas Rules of Civil Procedure 8(a) and 12(b)(6). Campbell and Williams also asserted that any cause of action against them would be barred by the statute of limitations. The circuit court's order dismissed appellant's claims against Patricia without prejudice pursuant to Rule 8(a). The circuit court dismissed the claims against the remaining appellees with prejudice pursuant to Rule 12(b)(6). The court also concluded that appellant's claims against five of the defendants were barred by the statute of limitations.[2]

---

[2]Although appellant attached extraneous documents to his complaint, we are unable to ascertain to what extent, if any, the court considered them in reaching its decision to dismiss the complaint under Rule 12(b)(6). Accordingly, we will conduct our analysis under Rule 12(b)(6) and consider only the complaint and those documents required under Rule 10(d), such as the Trust, that are properly attached thereto. *See Reed v. Smith*, 2018 Ark. App. 313, 551 S.W.3d 407.

## II. *Standard of Review*

In order to properly dismiss the complaint under Rule 12(b)(6), the circuit court must find that the complaining party either (1) failed to state general facts upon which relief could have been granted or (2) failed to include specific facts pertaining to one or more of the elements of one of his or her claims after accepting all facts contained in the complaint as true and in the light most favorable to the nonmoving party. *Klever v. Klever*, 2017 Ark. App. 330, 525 S.W.3d 29. A pleading must contain, inter alia, a statement of facts, in ordinary and concise language, showing that the pleader is entitled to relief. Ark. R. Civ. P. 8(a). A pleading is deficient if it fails to set forth facts pertaining to an essential element of the cause of action. *Thomas v. Pierce*, 87 Ark. App. 26, 184 S.W.3d 489 (2004). Arkansas is a state that requires fact pleading, and a pleading that sets forth mere conclusions is not sufficient under the Arkansas Rules of Civil Procedure. *Id.*

In reviewing a circuit court's order of dismissal, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Reed v. Smith*, 2018 Ark. App. 313, 551 S.W.3d 407. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.* When reviewing a dismissal for failure to state a claim under Rule 12(b)(6), our standard of review is whether the circuit court abused its discretion in dismissing the complaint. *Id.* To have abused its discretion, the circuit court must have not only made an error in its decision but also must have acted improvidently, thoughtlessly, or without due consideration. *Id.*

III. *Discussion*

Appellant devotes most of his brief to arguing that his claims are not barred by the statute of limitations because fraudulent concealment prevented him from discovering the causes of action until 2021. He claims that fraudulent concealment was sufficiently established by the allegations in his complaint. Appellant, however, has failed to develop an argument that the circuit court abused its discretion in otherwise finding that he had failed to plead sufficient facts that would entitle him to relief. Accordingly, we affirm the circuit court's order without regard to the statute of limitations.

Regarding Guinn, Deans, and Campbell, the complaint did not allege any factual allegations against them. On appeal, appellant makes no specific arguments regarding these defendants in his brief. We will not consider an argument, even a constitutional one, if the appellant does not make a convincing argument or cite authority to support it. *Koch v. Adams*, 2010 Ark. 131, 361 S.W.3d 817.

In his complaint, appellant did attempt to assert claims against Patricia, Treece, Williams, and Watkins. On appeal, however, appellant has failed to develop an argument that any of these claims should have survived the motions to dismiss. In the portion of his brief addressing Rule 8(a) and Rule 12(b)(6), appellant merely asserts that his complaint stated multiple claims. He lists twelve purported claims, including breach of trust, fraud on the court, perjury, and conflict of interest, and for each claim, he cites to a paragraph of his complaint. He does not identify the elements of any of these claims, develop arguments that he specifically pled them, or cite any authority. As a result, he has failed to develop his

argument sufficiently to allow for appellate review. *See Hendrix v. Black*, 373 Ark. 266, 283 S.W.3d 590 (2008). In *Webster v. Webster*, 2024 Ark. App. 319, 689 S.W.3d 133, the appellant's argument that he had sufficiently stated a claim for false light consisted only of the assertion that, when taken as true, the allegations in his complaint were more than sufficient to meet the pleading requirements. Given the paucity of the appellant's argument, we affirmed because he had not clearly expressed or developed an argument supporting reversal.

It is not the duty of this court to research or develop arguments for an appellant on appeal. *Orintas v. Point Lookout Prop. Owners Ass'n Bd. of Dirs.*, 2015 Ark. App. 648, 476 S.W.3d 174. The failure to develop a point legally or factually is reason enough to affirm the circuit court's order. *Id.* Although appellant appeals pro se, he is held to the same standard as appellants represented by counsel. *Id.* Because appellant has failed to present this court with convincing and developed arguments, we affirm the circuit court's order.

Affirmed.

HARRISON, C.J., and MURPHY, J., agree.

*Tony Dale Wagoner*, pro se appellant.

*Wright, Lindsey & Jennings LLP*, by: *Edwin L Lowther, Jr.*, and *Troy A. Price*; and *Mathews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *George R. Rhoads*, for separate appellee Craig Campbell.

*Watkins, Boyer, Gray & Curry, PLLC*, by: *Jennifer E. Gray*, for separate appellee Bill Watkins.

*RMP, LLP*, by: *Larry McCredy*, for separate appellees Patricia Ann Wagoner and Ginger Lee Trice.

*Taylor Law Partners LLP*, by: *Andrew Myers*, for separate appellee Terry Ann Deans.